MILTON P. CONNORS *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Norfolk. April 14, 1986. — May 22, 1986.

Present: GRANT, KAPLAN, & PERRETTA, JJ.

*Anti-Discrimination Law*, Prima facie case, Burden of proof.

In an action by a former employee of a corporation seeking to recover damages by reason of its refusal to promote him to any of sixteen higher level management positions which had been filled in the eight years preceding his retirement, and asserting discrimination against him based on age, the evidence was insufficient to present a prima facie case of unlawful discrimination, particularly in the absence of evidence on the question whether the plaintiff was qualified to fill any of the sixteen positions during the relevant period. [243-246]

CIVIL ACTION commenced in the Superior Court Department on September 10, 1980.

The case was tried before *Roger J. Donahue*, J.

*William J. McDonald* (*F. Barry Maher & James E. Caffrey* with him) for the defendant.

*Donald L. Conn* for the plaintiff.

GRANT, J. This is an action by a former employee of the defendant who seeks to recover damages by reason of the defendant's refusal to promote him to a higher level of management prior to his retirement in 1982. That refusal is said to have been prompted by unlawful discrimination against the plaintiff based on his age. G. L. c. 151B, §§ 1(8) (as amended through St. 1966, c. 405), 4(1) (as in effect prior to St. 1984, c. 266, § 5) and 9 (as amended by St. 1974, c. 478). The plaintiff had a substantial judgment in the Superior Court, and the defendant has appealed.

Many questions have been argued, but in the view we take of the case only one question need be considered, namely, whether the plaintiff introduced enough evidence to make out

what the decided cases refer to as a "prima facie case" of unlawful discrimination. See, e.g., *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 134-139 (1976); *Smith College* v. *Massachusetts Commn. Against Discrimination*, 376 Mass. 221, 229-230 (1978); *Radvilas* v. *Stop & Shop, Inc.*, 18 Mass. App. Ct. 431, 438-440 (1984); *Buckley Nursing Home, Inc.* v. *Massachusetts Commn. Against Discrimination*, 20 Mass. App. Ct. 172, 178 n.6 (1985). The defendant raised and preserved this question by moving for a directed verdict at the close of the plaintiff's case, by renewing its motion at the close of all the evidence, and by a motion for judgment n.o.v. See *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. 650, 657 (1978). There follows a summary of the relevant evidence most favorable to the plaintiff.

The plaintiff entered the employ of the defendant in 1937 and, except for a period of military service during World War II, remained with the defendant until his retirement on December 1, 1982. He was promoted to level 1 of management in 1955 and to level 2 in 1964. Commencing at least as early as 1965, and annually thereafter through 1980, the plaintiff, like all other employees in level 2, was subjected to a two-part evaluation by his immediate superior. One part of each evaluation was concerned with the quality of the plaintiff's performance of the various tasks which had been assigned to him during the previous year. The plaintiff has no quarrel with anything said of his performance. The other part of each evaluation was concerned with the plaintiff's promotability to level 3 of management. The plaintiff was rated promotable in each of the nine years 1965 through 1973. In 1974, when he was fifty-nine and one half years old, he was rated nonpromotable. He received the same rating in each of the years 1975 through 1980. He continued in level 2 until he took early retirement in 1982 at age sixty-seven. The defendant has a policy against allowing management employees to bid for specific jobs which might entail promotions, but each such employee was given an opportunity each year to express his desire for promotion and to identify his individual job preferences. That could be

done, and was done by the plaintiff, on the part of the evaluation form which was to be completed by the employee.

The plaintiff was able to identify sixteen persons younger than himself who were promoted from level 2 to level 3 during the period 1974 through 1982, but he did not know, nor could his counsel identify, any of the positions in level 3 which were filled by the sixteen persons during that period.[1] The plaintiff produced the detailed written job descriptions of three positions which he had held at various times, but he offered no evidence whatsoever of the duties or necessary qualifications of any of the sixteen positions.[2] All the evidence discloses on this point, even by the close of the defendant's case, is that none of the sixteen positions was that of doctor or lawyer.[3]

We think it necessarily follows that the plaintiff has failed to make out a prima facie case of harm to himself (*Rock* v. *Massachusetts Commn. Against Discrimination*, 384 Mass. 198, 204 [1981]) because there is a noticeable absence of evidence on the question whether the plaintiff was qualified to fill any of the sixteen positions in level 3 during the relevant period. See *Smith College* v. *Massachusetts Commn. Against Discrimination*, 376 Mass. at 230 (" [T]he fact of qualification for a position is an essential part of any [plaintiff's] prima facie case. Thus the [plaintiff has] the burden of proving [his]

---

[1] The docket discloses extensive pretrial discovery by the plaintiff. We think it obvious from the plaintiff's requests for admissions of fact (the forthright responses were admitted in evidence) and from the mass of documents from the defendant's files which the plaintiff offered in evidence that the defendant opened it files to the plaintiff well in advance of trial.

[2] It was stipulated that some persons were promoted from level 2 to level 3 in each of the years 1974 through 1982, but, apart from the sixteen referred to, the numbers of such persons and their relative ages are matters of conjecture.

[3] The plaintiff's principal function during the relevant period consisted of supervising the conversion of central telephone exchanges from older electromagnetic equipment to newer equipment utilizing electronic switching devices. At his request, he also supervised the training of various categories of craft employees. For all that appears, the sixteen vacancies may have been confined to such areas as medical, legal, personnel, finance and public relations. The evidence discloses that at least one assistant vice president was in level 4.

qualifications . . ."); *Radvilas* v. *Stop & Shop, Inc.*, 18 Mass. App. Ct. at 439-443. The plaintiff did testify, in response to leading questions by his own counsel, that he "felt" that other people were getting (unidentified) jobs for which he was qualified and which he was capable of performing, but such general, undifferentiated testimony does not satisfy a plaintiff's burden of introducing evidence from which the trier of fact can properly conclude that it is more likely than not that the plaintiff was qualified to fill a position to which he may have aspired. See *Sargent* v. *Massachusetts Acc. Co.*, 307 Mass. 246, 250 (1940); *Alholm* v. *Wareham*, 371 Mass. 621, 626-627 (1976); *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978); *Radvilas* v. *Stop & Shop, Inc.*, 18 Mass. App. Ct. at 445.

That being so, we need not examine the sufficiency of the evidence to warrant findings that the ratings of nonpromotable were motivated by unlawful discrimination or that favorable recommendations would have led to promotion.[4]

*Judgment reversed.*

*Judgment for the defendant.*

---

[4] The following sequence in the plaintiff's cross-examination is illuminating: "Q. Sir, you understand that merely by being rated promotable in 1974 would not, therefore, mean that you would in fact be promoted, isn't that correct? A. Right." In point of fact, the plaintiff received no promotion in the nine-year period during which he was consistently rated promotable.