Hamlin, J.
Plaintiff, the Commonwealth of Massachusetts (Commonwealth), through the Office of the Attorney General brought this action pursuant to G.L.c. 151B, §4(11) and G.L.c. 93A, §2 for injunctive and monetary relief. The Commonwealth alleges that on August 14, 1994, the complainant, Joan Dudley (Dudley) was denied rental housing by the defendants on the basis of her familial status; the presence of four children. The defendants, Marguerite and Charles Anderson (Andersons) both seventy-six years old retirees who reside in Florida, brought this motion to dismiss. The Andersons argue that the Commonwealth is not a proper plaintiff; that the Massachusetts Commission against Discrimination (“MCAD”) acted *450 improperly in its proceedings; and that the facts alleged by the plaintiff are insufficient to make a claim for which relief can be granted under G.L.c. 151B pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the Andersons’ motion to dismiss is ALLOWED.
BACKGROUND
Joan Dudley, a mother of four daughters, was in search of an apartment. On August 14, 1994, Repucci, a realtor, showed Dudley and one of her children a two-bedroom apartment located on 71 Elm Street, in Belmont, Massachusetts owned by the Andersons. Dudley told Repucci she was possibly interested in renting the apartment. Approximately two days later, Dudley called Repucci and stated her mother was interested in viewing the Elm Street premises. Repucci later called back and stated to Dudley’s mother that the Andersons were concerned about Dudley having four children.[3]
Based on these facts, Dudley, filed a complaint with the MCAD on September 27, 1994, alleging that the Andersons discriminated against her because of her four children. On December 8, 1994, the MCAD issued a finding of probable cause that the Andersons had discriminated against Dudley in violation of G.L.c. 151B, §4(11).[4]
On December 30, 1994, the Andersons filed notice of election of judicial determination pursuant to G.L.c. 151B, §5. As a result, the MCAD dismissed the matter without prejudice and the case was filed with this court.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs’ favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The basic allocation of the burden of proof in discrimination cases was set forth by the Supreme Judicial Court in Wheelock College v. MCAD, 371 Mass. 130, 135 (1978). Wheelock, in turn, closely follows the three-step analysis promulgated by the Supreme court in McDonnell-Douglass v. Green, 411 U.S. 792, 802 (1972). Although those cases involved employment discrimination, this analysis has been applied to housing discrimination claims. Chapman v. Porfilio, 13 MDLR 1965, 1970 (1991) (citations omitted).
Under this formulation, a complainant must first establish a prima facie case of discrimination. The complainant must show all of the following:
(1) they are members of a statutorily protected class;
(2) they applied to rent an available dwelling unit;
(3) they met the objective requirements of the rental;
(4) they were denied the opportunity to rent the dwelling unit.
Chapman v. Porfilio, supra at 1969-70; Johnson v. Ford, 5 MDLR 1811, 1822 (1983); Roy v. O’Brian, 2 MDLR 1259, 1266 (1980).
The requirements of a prima facie case of discrimination will vary in different cases depending on the fact pattern of the alleged discrimination. Once a complainant has established a prima facie case of unlawful discrimination, the burden then shifts to the respondent to articulate a legitimate nondiscriminatory reason for its action.
The Commonwealth has failed to make a. prima facie showing that Dudley was discriminated against by the Andersons. Specifically, the second prong of the prima facie element has not been established. Based on the facts alleged in the complaint, Dudley never filed a rental application for the Andersons’ apartment, nor did Dudley ever request a rental application.
The Commonwealth relying on Chapman, avers that a prima facie case can be established even if Dudley did not file a rental application. In Chapman, the complainants sought rental housing for themselves and their two children. Upon learning of the presence of children in the family, the landlord himself stated that he would not rent to the Chapmans. The landlord did not offer the Chapmans a rental application and the Chapmans did not request one. Although the Chapmans never filed an application, the MCAD concluded that the Chapmans would have applied had the landlord availed them of the opportunity to do so. Chapman, supra, at 1968.
Unlike the facts set out in Chapman, the Andersons never met nor discussed the apartment with Dudley. The Andersons never refused to rent to Dudley. The Andersons never told her that they were concerned about her having children.
Instead, the facts reveal that Dudley’s complaint filed at MCAD hinge on hearsay testimony. Evidence that the realtor told Dudley’s mother, not Dudley that the defendants the “Andersons were concerned about Dudley having four children," is insufficient to make a prima facie case of discrimination. Mere representations by the realtor to Dudley’s mother does not support the assertion that the Andersons discouraged Dudley in her attempt to apply for the apartment. Without more substantial allegations, this court must dismiss this case for the Commonwealth’s failure to state a claim, because no set of facts in support of their claim can be proven which would entitle the Commonwealth relief.[5]
*451 ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’, the Andersons, motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED.

The Andersons deny stating any such concerns or ever being aware of the Dudleys as being prospective tenants. For purposes of this motion, the court assumes that the facts as stated by the Commonwealth are true.

While not a basis for this decision, this court recognizes the Andersons were never afforded an opportunity to resolve the matter before the MCAD nor were they given notice of the probable cause fact-finding conference.
MCAD failed to follow its policy of providing an opportunity for resolution of a complaint. The letter sent by a Compliance Officer at MCAD to the Andersons indicated that Andersons should contact him as soon as possible if they were “interested in possibly resolving this complaint reaching a mutually satisfactory resolution.” The Andersons’ attorney made several attempts to meet with the Compliance Officer and sought to resolve the dispute, however, these requests were ignored.
MCAD neglected to give the Andersons’ and their attorney notice of the fact-finding conference conducted by MCAD prior to the determination of probable cause. Had MCAD followed their procedures and provided the Andersons and their attorney an opportunity to participate in the investigation, this action before the court may have been avoided.

Because this court dismisses this complaint based Mass.R.Civ.P. 12(b)(6), this court need not address defendants’ other arguments for dismissal.