Borenstein, J.
INTRODUCTION
Plaintiff Waldemar Charles Zisch (“the plaintiff’) brought this action under G.L.c. 15 IB alleging that he was discriminated against by his former employer, Textron on the basis of his age.
This matter is before the court on the defendants, Textron Defense Systems and Harold McCard, the president of Textron’s motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). Both parties filed memoranda of law and the court heard argument on April 9, 1996. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The plaintiff, Waldemar Charles Zisch began working for Textron Defense Systems (“Textron”) at its Wilmington, Massachusetts location in 1984. Textron is engaged in the business of research and development of military defense systems. Textron’s primary customer is the United States military. In the late 1980’s, Textron experienced a significant loss of business caused in part by the end of the Cold War with the former Soviet Union and passage of the Strategic Arms Limitation Treaty. In response to the decline in orders for strategic missile systems, Textron reduced its work force from 4,162 employees in January 1987 to 919 persons as of January 1996. Staff reductions were accomplished primarily through layoffs and early-retirement incentive plans.
In 1984, the plaintiff began working as an at-will employee in Textron’s Strategic Engineering Division as the program engineer for the Peacekeeper logistics support system. He was responsible for coordinating the delivery of parts to Air Force sites. In November 1990, the plaintiff was assigned to the Minuteman II program in the Strategic Engineering Division. Throughout his employment with Textron, the plaintiff received positive performance appraisal reviews.
In 1991 and continuing into 1992, military orders for strategic systems declined, in particular for Peacekeeper and Minutemen systems. On January 31, 1992, Sheldon Weisman, Manager of Peacekeeper notified the plaintiff that due to the decrease in his duties and the decreased budget allowance by the Air Force for logistics activities, he would be laid off effective February 14, 1992. The plaintiff was fifty years old at this time. Upon Sheldon Weisman’s recommendation, Richard Donahue, who was 38 years old, and had worked at Textron for thirteen years, assumed the plaintiffs logistics duties in addition to continuing his other responsibilities in the Peacekeeper program.
Prior to his layoff, the plaintiff accepted a temporary assignment as a program manager for the Mobile Microwave Landing System (“MMLS”) project under the supervision of Russell Gamache. Russell Gamache selected the plaintiff based on his Air Force and program experience. The plaintiff was responsible for coordinating activities and schedules. Russell Gamache told the plaintiff that the position would only last a couple of months unless additionally funding was approved. In early April 1992, Russell Gamache informed the plaintiff that there would be no additional funding and consequently his position was eliminated.
STANDARD OF REVIEW
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The existence of disputed facts is consequential only if those facts have a material bearing on the disposition of the case. Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988). A party in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if it demonstrates by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege *232 specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
DISCUSSION
G.L.c. 151B, §4(1B) states in pertinent part that “(i]t shall be an unlawful practice . . . [f]or an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire, ... or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.” Unless a different meaning clearly appears from the context of the statute, the term ‘age’ includes “any duration of time since an individual’s birth of greater than forty years.” G.L.c. 151B, §1(8).
In interpreting G.L.c. 15IB, Massachusetts courts may look to the interpretations of the Federal anti-discrimination statute. College-Town, Div. of Interco, Inc. v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156, 163 (1987). In applying the anti-discrimination statute where disparate treatment is alleged, Massachusetts follows the three-stage order of proof used by the Federal courts under the Federal antidiscrimination provisions of Title VII. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 440 (1995). See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
In the first stage of proof, “the plaintiff has the burden to show by a preponderance of the evidence a prima facie case of discrimination.” Blare, supra at 441. This burden is met with evidence that (1) the plaintiff is a member of a class protected by G.L.c. 15 IB; (2) he performed his job at an acceptable level; (3) he was terminated; and (4) his employer sought to fill the plaintiffs position by hiring another individual with qualifications similar to the plaintiffs. Id.
In this case, the plaintiff was a member of the protected class of employees over the age of forty years. There is sufficient evidence that he performed his job at an acceptable level. See Performance Reviews dated January 12, 1989; December 27, 1989; February 21, 1991 all giving overall performance summaries of “exceeds some expectations”). Additionally, it is undisputed that the plaintiff was terminated. Finally, the plaintiff has offered evidence that Textron filled his position in the Peacekeeper program, with another employee from his department who was under the age of forty. Accordingly, the plaintiff has sustained his initial burden of making out a prima facie case of age discrimination.
In the second stage of proof, the employer may rebut the presumption created by the plaintiffs prima facie case by articulating a legitimate, nondiscriminatory reason for the termination. Blare, supra at 441. “(A]n employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons.” Id. at 442 (quoting Wheelock College v. Massachusetts Comm’n against Discrimination, 371 Mass. 130, 137 (1976)).
To meet this burden, the defendants have offered affidavits to show that the plaintiffs termination was the result of necessary labor force reductions caused by outside factors such as the end of the Cold War and passage of the Strategic Arms Limitation Treaty. See Affidavit of Michael Wendt at page 1, ¶3. Additionally, the affidavits indicate that the termination decision was based on the recommendations of the plaintiffs immediate supervisors, who took into consideration a variely of factors such as the availability of funding the positions, his experience, and the reduction in his duties. See Affidavits of Sheldon Weisman at pages 2-3 and Russell Gamache at page 2. Given this evidence, the defendants have met the second-stage burden of articulating legitimate nondiscriminatoiy reasons for laying off the plaintiff.
When the defendants in an age discrimination case satisfy the second-stage burden of production, the burden shifts back to the plaintiff in the third-stage to show either that the employer’s articulated reasons are a pretext or by direct evidence that the actual motivation was discrimination. Blare, supra at 444. Direct or indirect evidence of discriminatory motive may be offered, “but the evidence as a whole must be sufficient for a reasonable factfinder to infer that the employer’s decision was motivated by age animus.” Ward v. Westvaco Corp., 859 F.Supp. 608, 617 (D. Mass. 1994) (quoting Frankina v. First Nat'l Bank, 1993 WL 113727, *3).
In support of his claim of discriminatory animus, the plaintiff asserts that Textron told him he was being laid off from the Peacekeeper program because his logistics duties were diminishing when in fact they were not. In his deposition, however, the plaintiff admits that his logistics responsibilities were not increasing and there may have been a small decrease in the workload. See Deposition of Waldemar Zisch at page 162, lines 7-13.
The plaintiff also contends that he was temporarily given a position in the MMLS program as a means of placing him in a larger pool for termination. There has been no evidence offered to support a finding that employees from the MMLS project in the protected age group were disproportionately laid off. There is evidence, however, that the plaintiff was offered a position in MMLS only on a temporary basis contingent upon receiving additional funding.
In addition, the plaintiff argues that he was not considered for a marketing position with Textron for which he was qualified. Textron did hire someone from outside the company for a marketing position. The plaintiff alleges that he submitted a resume for this job and was never considered. The defendants contend that Mr. Sauveur was selected because he had over *233 twenty years experience in air traffic control, as well as numerous professional contacts with high-level military and government personnel in air traffic control, which were critical to this type of position. See Affidavit of William Fitzgerald at page 2. The plaintiff stated that he had experience in air traffic control and in program management. Deposition of Waldemar Zisch at page 175, lines 14-22. However, there is no evidence that the plaintiff was not considered for the position or that he was intentionally not chosen because of his age. Notably, Textron hired Mr. Sauveur, who was over the age of forty.
The plaintiff also provided evidence that at some point his former supervisor stated that the company “ought to get some young blood.” Deposition of Waldemar Zisch at page 168, lines 16-17. The plaintiff admits, however, that he did not believe this statement was targeted at himself or any other program managers at Textron. Id. at page 172, lines 2-6. Additionally, the plaintiff could not recall his supervisor having made any other such comments. Id. at 171, lines 2-4. Accordingly, the court will not take this isolated statement made at some unspecified time prior to the plaintiffs being laid off into consideration. Blare, supra at 447 n.9 (“[isolated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to provide an employer’s dis-criminatoiy intent”) (quoting Fontaine v. Ebtec Corp., 415 Mass. 309, 314, n. 7 (1993)).
The court is mindful that “[sjummaiy judgment is a disfavored remedy in the context of discrimination cases based on disparate treatment.” Blare, supra at 439; Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992). However, in cases such as this, where the plaintiff has no reasonable likelihood of proving an essential element of his case, namely that, the defendants acted with an discriminatory motive in laying him off, summary judgment is appropriate. See id. at 440 and cases cited.
Summary judgment is also proper with respect to the plaintiffs claim under G.L.c. 93, §103. The Massachusetts Supreme Judicial Court has clearly held that G.L.c. 151B provides the exclusive remedy for employment discrimination claims not otherwise based on preexisting common law tort principles or constitutional protections, and no independent claim for alleged employment discrimination may be maintained under the Massachusetts Equal Rights Act, G.L.c. 93, §102 and 103. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994).
ORDER
For the foregoing reasons, the defendants’ motion for summary judgment is ALLOWED.