Lauriat, J.
The plaintiff, Karen Marie Miranda (“Miranda”), has moved this court to reconsider that portion of its Memorandum of Decision and Order on Defendants’ Motion to Dismiss, dated July 15, 1996, in which the court granted summary judgment in favor of the defendants on Miranda’s claim of employment discrimination in violation of G.L.c. 151B (Count I) on the ground that the defendant Back Bay Publishing Co. (“Back Bay”) was a non-profit corporation and therefore exempt from that statute [5 Mass. L. Rptr. 445). The defendants have not filed any opposition to this motion.
DISCUSSION
In light of the reported outcry, especially among members of the plaintiffs’ bar, to this aspect of the court’s decision, and in view of the authority cited in Miranda’s motion for reconsideration, the court has carefully reviewed the memoranda submitted by the parties in connection with the defendants’ original motion to dismiss, to determine if it had failed to identify, consider, examine or analyze the plaintiffs present arguments on this point.
This examination revealed that the defendants’ motion to dismiss Miranda’s G.L.c. 151B claim was based upon its reading of the statute (with which the court agreed). In response, Miranda devoted four pages of its memorandum to an assertion that Back Bay was in fact a for-profit corporation, or that, given its affiliation with Boston University, it should be considered as such. Miranda’s opposition memorandum was totally bereft of any reference to or citation of, let alone presentation or analysis of the case law and legislation upon which it now relies. Such workmanship should not go unacknowledged.
Notwithstanding Miranda’s initial failing, in her reconsideration motion she has presented to the court persuasive, indeed binding authority for the proposition that G.L.c. 151B applies to non-profit corporations. Wheelock College v. Massachusetts Commission Against Discrimination, 371 Mass. 130, 139 n.7 (‘We note that the college, a nonprofit corporation, was not subject to G.L.c. 15 IB until 1969 when the definition of the term ‘employer’ was amended to include a corporation not organized for private profit. St. 1969, c. 216.”).
While the legislative history of G.L.c. 15 IB, §1(5) does not clearly and unequivocally support Miranda’s contention that “employer” now includes corporations not organized for profit, this court considers itself bound by the Supreme Judicial Court’s pronouncement to that effect in the Wheelock case. Accordingly, Miranda’s motion for reconsideration is allowed, and upon reconsideration, the Defendants’ Motion to Dismiss Count I of the plaintiffs’ Amended Complaint is denied.
ORDER
For the forgoing reasons, the Plaintiff Karen Marie Miranda’s Motion for Reconsideration of Decision to Grant Motion to Dismiss M.G.L. chapter 15 IB Claim is ALLOWED, and upon reconsideration, the Defendants’ Motion to Dismiss is DENIED as to Count I of the plaintiffs Amended Complaint.