Lemire, James R., J.
At all relevant times, plaintiff Priscilla Gimas (“Gimas”) was a teacher with professional status at Southbridge High School. Defendant Joseph A. Bialy (“Bialy”) was the principal and defendant Dennis R. Desroches was the assistant principal at the school. Defendant JoAnn D. Austin was the superintendent of schools for the Town of Southbridge.
Gimas was terminated from her position as a high school teacher on the grounds that she frequently visited the school nurse’s office in violation of school policy, made unsubstantiated comments regarding misconduct of a school committee member, and engaged in inappropriate physical contact with a student. An arbitrator reversed her termination, reinstating Gimas to her teaching position and awarding back pay.
Gimas filed a complaint against her former employer and supervisors, alleging (I) infliction of emotional distress, (II) unlawful practices of discrimination on the basis of sex in violation of G.L.c. 151B and Title VII of the United States Civil Rights Act, and (III) wrongful termination under G.L.c. 71. The defendants moved for summaiy judgment, which this court (Lemire, J.), allowed as to Counts I and III, and denied as to Count II. The defendants now move for reconsideration as to Count II, and Gimas moves for reconsideration as to Count III. For the reasons set forth below, the defendants’ Motion for Reconsideration is ALLOWED and Gimas’ Motion for Reconsideration is DENIED.
DISCUSSION
I. Reconsideration Standard
The standard for addressing a motion for reconsideration is fairly discretionary, and it has been stated that “(t)hough there is no duty to reconsider a case, an issue, or a question of fact or law, once decided, the power to do so remains in the court until final judgment . . .” King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987), quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940). It is “within the inherent authority of a trial judge to ‘reconsider decisions made on the road to final judgment.’ ” Sullivan v. Utica Mutual Ins. Co., 439 Mass. 387, 401 (2003), quoting Franchi v. Stella, 42 Mass.App.Ct. 251, 258 (1997). A party seeking reconsideration of a prior ruling must show: (a) newly discovered evidence; (b) a change of circumstances; (c) a change of law; or (d) a plain error of fact or law in the original ruling. Mass.R.Civ.P. 60(b).
II. Defendants’ Motion for Reconsideration as to Count II
Summaiy judgment is admittedly a disfavored remedy in discrimination cases. Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 127 (1997) (citations omitted). Nonetheless, summaiy judgment may be appropriate in cases where defendants’ motions demonstrate that the plaintiff is unable to offer admissible evidence of the defendants’ discriminatoiy intent, motive, or state of mind sufficient to carry the plaintiffs burdens and support a judgment in the plaintiffs favor. Matthews, 426 Mass. at 127 (citations omitted).
As outlined in the Memorandum of Decision and Order on Defendants’ Motion for Summaiy Judgment (Lemire, J., February 20, 2008) [23 Conn. L. Rptr. 653], under the framework set forth by the United States Supreme Court and adopted by Massachusetts in employment discrimination cases, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 138 (1976), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Gimas met that burden, and unlawful discrimination was presumed. Matthews, 426 Mass. at 128.
The burden then shifted to the defendants to articulate a legitimate, nondiscriminatoiy reason for its action to rebut the presumption of unlawful discrimination. Abramian v. President & Fellows of Harvard, 432 Mass. 107, 116 (2000). Defendants satisfied their burden at the summaiy judgment stage.
The burden then shifted back to Gimas to show that her employer’s termination decision was based upon unlawful discrimination. Abramian, 432 Mass. at 117. The plaintiff may accomplish this by showing that the employer’s reasons for termination were a pretext. Id. The court now revisits the issue of whether the sum-maiy judgment record demonstrates that the defendant has shown that Gimas will be unable to prove at trial that the stated reasons for her termination were pretext.
The defendants have moved for reconsideration of the court’s Memorandum of Decision and Order on Defendants’ Motion for Summaiy Judgment with respect to Count II of Gimas’ complaint, which alleges unlawful sex discrimination in violation of G.L.c. 15 IB and Title VII of the United States Civil Rights Act. The court denied summaiy judgment on the basis of evidence that one of Gimas’ male colleagues made inappropriate comments to Gimas and a female student and was not disciplined for it. This evidence was introduced to the court through the text of the arbitrator’s decision on Gimas’ wrongful termination claim. The defendants argue that the court should have stricken the arbitrator’s decision because it is *69 inadmissible hearsay, and that Gimas has otherwise failed to provide any admissible evidence of discriminatory intent. Gimas, on the other hand, maintains that the court was correct in according weight to the arbitrator’s exhaustive report. For the reasons set forth below, the court now admits that it erred in considering the arbitrator’s decision on summary judgment.
In Alexander v. Gardner-Denver Co., the United States Supreme Court declared that judicial courts are not bound by arbitral decisions in Title VII employment discrimination actions, because the employee is not seeking review of the arbitrator’s decision, but rather is seeking to assert a statutory right independent of the arbitration process. 415 U.S. 36, 54 (1974). In such cases, federal courts are to review the employee’s claim de novo. Id. at 60. However, the court may receive the arbitrator’s decision into evidence and accord it such weight as the court deems appropriate. Id.
Massachusetts has adopted the federal standard for considering arbitration decisions when adjudicating statutory discrimination claims. City of Boston v. MCAD, 65 Mass.App.Ct. 234, 239 (1995) (“Since Gardner-Denver, the governing principle has been that the forum adjudicating a statutory claim of discrimination may receive an arbitration decision in evidence and accord it the weight that seems appropriate”), overruled on other grounds by Trustees of Health and Hosps. of the City of Boston, Inc. v. MCAD, 65 Mass.App.Ct. 329 (2005).
Though it is clear that the court may generally consider an arbitrator’s decision when presiding over a statutory discrimination claim, it is also well-established that a plaintiff cannot defeat summary judgment by resort to evidence that would be inadmissible at trial. See McKenzie v. Brigham & Woman’s Hospital 405 Mass. 432, 437-38 (1989) (plaintiff could not defeat summary judgment by using testimony that would be inadmissible at trial to show employer’s stated reasons for termination were pretext); Madsen v. Erwin, 395 Mass. 715, 721 (1985).
This court has parsed the record in search of admissible evidence that would support Gimas’ assertion that she was treated differently from her male counterparts — an element essential to her sex discrimination claim. Her only proffer of evidence to this effect is the arbitration decision itself, which states in relevant part:
No other tenured/PTS teacher has ever been discharged in Southbridge. Two have been suspended, both for less than a week: one for slamming his fist on a desk in front of a student, and the second, a male teacher, for swearing at a female teacher . . . On March 13,1998, Patricia Dupuis wrote Principal Bialy a letter complaining that while she and Gimas were walking down the hall during passing time, they passed Mr. Hoogasian and he remarked to them “Girls don’t belong kissing other girls.” Bialy testified that he met with Hoogasian, and Hoogas-ian utterly denied making the comment. Bialy believed Hoogasian, and not Dupuis, and that was the end of the matter.
Plaintiffs Ex. B, Arb. Dec. p. 52-53.
Presumably, the arbitrator based these findings on direct witness testimony. Gimas, however, has submitted abridged transcripts of the testimony given before the arbitrator, and has inexplicably neglected to include any portions that might be relevant to her argument that she received disparate treatment. Accordingly, there is no evidence before the court, apart from the arbitrator’s own conclusions, that would establish a genuine issue of material fact as to whether Gimas was disciplined more harshly than her male counterparts.
The defendants renew their argument, which this court concedes upon reconsideration, that the arbitrator’s decision is hearsay and should be stricken from the summary judgment record. Certainly, what the arbitrator claims that other parties said or did in a proceeding outside a civil courtroom qualifies as “an extrajudicial statement offered to prove the truth of the matter asserted.” See Commonwealth v. Keizer, 377 Mass. 264, 269 n.4 (1979). Here, the decision is offered by Gimas to prove the truth of the arbitrator’s findings — specifically, that there were three separate instances in which reports of misconduct by male teachers in Southbridge were handled differently, i.e., did not end in termination. Further, the court finds no exception to the hearsay rule that would permit it to incorporate the arbitrator’s report as part of the summary judgment record.[2]
In sum, Gimas has chosen to rest the fate of her statutory sex discrimination claim entirely on the arbitrator’s examples of teacher discipline, which were merely incidental to his decision on Gimas’ wrongful termination claims and are not binding in a discrimination action.[3] Gimas has not set forth any admissible facts to establish a genuine issue as to whether the defendants’ stated reasons for firing her were merely a pretext for discriminatory motives. See Mass.RCiv.P. 56(e); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Therefore, based on the summary judgment record, it appears that she has no reasonable expectation at trial of proving disparate treatment, and her discrimination claim must fail. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Thus, the defendants are entitled to summary judgment on the plaintiffs sex discrimination claims.
III. Plaintiffs Motion for Reconsideration as to Count III
General Laws c. 71, §42 provides that a teacher “with professional teacher status shall not be dismissed except for inefficiency, incompetency, incapacity, conduct unbecoming of a teacher, insubordination *70 . . .” The statute outlines an extensive and exclusive arbitration procedure for performance-based dismissals. Westport Sch. Comm. v. Coelho, 44 Mass.App.Ct. 614, 618 (1998). Because Gimas arbitrated the issue of her dismissal and received the remedy afforded by c. 71, §42, this court granted summary judgment for the defendants on this count. Gimas now moves for reconsideration on her wrongful termination claim, arguing that she did not bring it pursuant to c. 71, §42, but rather brought it under the more expansive common-law tort. Gimas does not have that option. The statute clearly mandates that “the remedies provided hereunder shall be the exclusive remedies available to teachers for wrongful termination." G.L.c. 71, §42 (emphasis added). Gimas cannot now seek damages for wrongful termination in common-law tort. To allow her to do so would render the above sentence meaningless, and the statutoiy relief duplicative. This court therefore declines to reconsider Gimas’ wrongful termination claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion for Reconsideration is ALLOWED, and therefore summary judgment is ALLOWED as to Count II. Gimas’ Motion for Reconsideration is DENIED.

 The court also notes that allowing the plaintiff to resort to the arbitrator’s findings and conclusions in wrongful termination proceedings would “usurp the juiy’s role in assessing credibility” on the statutory discrimination claim. See Wilmington v. J.J. Case Co., 793 F.2d 909, 919 (8th Cir. 1986). Accordingly, the court finds “upon scrutiny that the arbitral work product is not of much help to the finder on the statutoiy claim,” and it is therefore inappropriate to accord it weight on summary judgment. City of Boston, 34 Mass.App.Ct. at 240.

“To be sure, submission to arbitration under a collective bargaining agreement does not give preclusive effect to the arbitral decision in a later statutoiy discrimination action brought before a court or specialized agency.” City of Boston, 34 Mass.App.Ct. at 238. Indeed, “it is the informality of arbitral procedure that enables it to function as an efficient, inexpensive, and expeditious means for dispute resolution. This same characteristic, however, makes arbitration a less appropriate forum for final resolution of Title VII issues." Gardner-Denver, 415 U.S. at 58.