The plaintiff, Steven R. Kruczynski, challenges a Superior Court judgment resulting from an order granting summary judgment in favor of the defendants, Continental Casualty Company (employer) and two of its employees, on his employment discrimination claim based on age, G. L. c. 151B, § 4 (1B). Concluding that there is no genuine issue of material fact that the defendants carried out an actual reduction in force, and that the plaintiff was unable to establish a prima facie case of discrimination under the McDonnell Douglas paradigm, we affirm. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973).
1. Standard of review. "We review the allowance of a motion for summary judgement de novo to determine whether the moving party has established that, viewing the evidence in the light most favorable to the opposing party, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018), quoting Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).
2. Discrimination claim. a. Burden shifting paradigm. To survive summary judgment, an employee alleging age discrimination must produce evidence of four elements: "membership in a protected class, harm, discriminatory animus, and causation." Scarlett, 93 Mass. App. Ct. at 597, quoting Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001). Recognizing that direct evidence of these elements is rare, we permit an employee to present indirect or circumstantial evidence under the burden shifting paradigm set forth in McDonnell Douglas Corp., 411 U.S. at 802-805. See Wheelock College v. Massachusetts Comm'n Against Discrimination, 371 Mass. 130, 138 (1976) (adopting McDonnell Douglas burden shifting paradigm). Under the first stage of the McDonnell Douglas paradigm, the plaintiff employee "bears the initial burden of establishing by the preponderance of the evidence a prima facie case of discrimination." Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 40 (2005). If the employee successfully establishes a prima facie case, the burden shifts under the second stage of the McDonnell Douglas paradigm and the employer must rebut the prima facie showing by "articulating a legitimate, nondiscriminatory reason for its [employment] decision." Bulwer, 473 Mass. at 681, quoting Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995). At the third stage, the burden of production shifts back to the employee to provide evidence that the employer's rationale for the termination is a pretext. Scarlett, supra at 598, citing Bulwer, supra.
b. Reduction in force. Although the plaintiff challenges the existence of a reduction in force, he raises no genuine issue of material fact on this question. See Sullivan, 444 Mass. at 35 n.3 (applying reduction in force framework where "record contains ample evidence that [employer] carried out an actual reduction in force" and plaintiff "fails to develop any separate argument that [employer's] actions pertaining to her were not part of a reduction in force"). The defendants presented unrebutted evidence that there was a declining case count in the Boston staff counsel office and that the employer believed that this trend was likely to continue. Moreover, the defendants did not replace the plaintiff or hire anyone else after the reduction in force. There was conflicting testimony regarding whether the plaintiff's supervisor played a role in deciding to initiate the reduction in force, and the employer failed to involve the director of human resources in the decision. These facts, however, reveal no discriminatory animus and are not significant enough to raise an issue that the reduction in force was pretextual. Cf. Finney v. Madico, Inc., 42 Mass. App. Ct. 46, 50-51 (1997) (despite hostility towards women managers, no issue whether reduction in force occurred but sufficient evidence to raise issue whether reduction in force was carried out in discriminatory manner). At most, they reveal procedural irregularities, but raise no genuine issue whether the plaintiff was terminated as part of an actual reduction in force. Accordingly, we review this case under the reduction in force framework.
c. Prima facie case. To establish a prima facie case in a reduction in force case, the employee must prove that (1) he is a member of a protected class; (2) he performed his job at an acceptable level; (3) he was terminated; and (4) his layoff occurred in circumstances that raise a reasonable inference of unlawful discrimination. See Sullivan, 444 Mass. at 41, 45. Accord Romero v. UHS of Westwood Pembroke, Inc., 72 Mass. App. Ct. 539, 543 n.7 (2008). Although the initial burden of presenting a prima facie case is not onerous, the employee bears a greater burden than simply presenting evidence that he was laid off during a reduction in force. See Sullivan, supra at 41. Because reduction in force discrimination claims may arise in vastly different circumstances, the Supreme Judicial Court has articulated a broad fourth prong that seeks to eliminate common nondiscriminatory reasons for an employee's termination, such as "lower proficiency and/or random chance." Id. at 44, quoting Barnes v. GenCorp., Inc., 896 F.2d 1457, 1466 (6th Cir.), cert. denied, 498 U.S. 878 (1990).
Here, the plaintiff is unable to offer evidence to support a reasonable inference of unlawful discrimination under the fourth prong of the prima facie test. Contrast Scarlett, 93 Mass. App. Ct. at 598 (evidence that only two teachers not renewed were black sufficient to support inference of unlawful racial discrimination). The plaintiff has failed to show that the defendants retained a significantly younger employee with the same job classification as the plaintiff, or otherwise had discriminatory intent in deciding which position to eliminate. See Sullivan, 444 Mass. at 49-50. The plaintiff contends that his fifty-four year old coworker should have been laid off instead of him. The coworker, however, is less than four years younger than the plaintiff and "an age disparity of less than five years, by itself, is too insignificant to support a prima facie case of age discrimination." Knight v. Avon Prods., Inc., 438 Mass. 413, 425 (2003).
Likewise, the plaintiff's allegation that his rating was manipulated in January of 2013 from "Meets Expectations; Low" to "Partially Meets Expectations" to fit a bell curve in the office, or to justify laying off the plaintiff instead of his coworker, is insufficient to carry his burden. Even before being adjusted, the plaintiff's recommended rating was the lowest rating of any of the Boston attorneys. Moreover, the plaintiff's need to improve his performance was well-documented in performance reviews and warnings throughout his employment. Because the plaintiff failed to raise a genuine issue of material fact that his layoff occurred in circumstances that raise a reasonable inference of unlawful discrimination, the judge properly granted summary judgment to the defendants.
3. Tortious interference. To make out a case of tortious interference with a contract, "a plaintiff must prove that '(1) he had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions.' " Williams v. B & K Med. Sys., Inc., 49 Mass. App. Ct. 563, 572 (2000), quoting MeloTone Vending, Inc. v. Sherry, Inc., 39 Mass. App. Ct. 315, 318 (1995). Here, the plaintiff stated at oral argument that he alleged tortious interference only with respect to the plaintiff's existing relationship with the employer, not any potential future relationship. Accordingly, the plaintiff's interference claim rises or falls with his discrimination claim. See Romero, 72 Mass. App. Ct. at 548. "Absent a legally sufficient claim for discrimination, the plaintiff, as a matter of law, cannot satisfy the element of 'improper motive or means' required to make out [his] interference claim, and summary judgment was properly allowed." Id. at 548, citing Alba v. Sampson, 44 Mass. App. Ct. 311, 314 (1998).[3]
Judgment affirmed.
Order entered May 11, 2017, on postjudgment motions affirmed.

The plaintiff's request for appellate attorney's fees and costs is denied. The defendants' request for appellate attorney's fees is denied.