## DONALD BLARE *vs.* HUSKY INJECTION MOLDING SYSTEMS BOSTON, INC., & others.[1]

Worcester. November 7, 1994. - February 9, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Summary judgment. *Anti-Discrimination Law,* Termination of employment, Age, Prima facie case, Burden of proof. *Employment,* Discrimination, Termination.

Discussion of the three-stage order of proof in discrimination cases as set forth by the United States Supreme Court under the Federal antidiscrimination provisions of Title VII, which this court has looked to in considering employment discrimination cases brought under G. L. c. 151B. [440-443]

This court stated that, in employment discrimination cases brought under G. L. c. 151B, the three-stage order of proof to be followed is as set forth in *Wheelock College* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 130, 134-136 (1976), and not as set forth in *St. Mary's Honor Center* v. *Hicks,* 509 U.S. 502 (1993), which governs Federal antidiscrimination claims. [444-446]

The record on summary judgment of an employment discrimination claim under G. L. c. 151B was sufficient to raise a genuine issue of material fact as to whether the defendants discriminated against the plaintiff on the basis of age, where the plaintiff had established a prima facie case, the defendants had produced a nondiscriminatory reason for its action, and the plaintiff then produced evidence sufficient to support a jury verdict that it was more likely than not that the articulated reason was a pretext: proof of direct discrimination was not required. [446-447]

CIVIL ACTION commenced in the Superior Court Department on December 24, 1992.

The case was heard by *Charles J. Hely,* J., on a motion for summary judgment.

---

[1] John A. Gauvin and Allan Robinson.

The Supreme Judicial Court granted an application for direct appellate review.

*Harvey A. Schwartz* for the plaintiff.

*Rosemary J. Nevins* for the defendants.

ABRAMS, J. At issue is whether the Superior Court judge applied the appropriate standard in allowing the defendants' motions for summary judgment in a case alleging age discrimination under G. L. c. 151B (1992 ed.), and G. L. c. 93, § 103 (1992 ed.).[2] For the reasons stated in this opinion, we conclude that the defendants' motions for summary judgment should not have been allowed. We reverse and remand for further proceedings.

1. *Facts.* Reviewing the materials submitted for the summary judgment motion in the light most favorable to the nonmoving party (Blare), *Wheatley* v. *American Tel. & Tel. Co.*, 418 Mass. 394, 396 (1994); *White* v. *University of Mass. at Boston*, 410 Mass. 553, 557 (1991), we recite the following facts. The plaintiff was employed by Husky as a machine operator from 1984 until April, 1992. At the time he was terminated, plaintiff was fifty-seven years old.

From 1984 until 1992, the plaintiff's file was free of disciplinary notices. The plaintiff does not dispute that his supervisor submitted formal disciplinary notices against him during the four months preceding his termination (January 1, 1992, until April, 1992). Rather, the plaintiff presented evidence that workers not within the protected age category

---

[2]The plaintiff filed a complaint with the Massachusetts Commission Against Discrimination alleging age discrimination in his termination by the defendants. The plaintiff withdrew the complaint and thereafter he filed this complaint in the Superior Court. General Laws c. 151B, § 9 (1992 ed.), provides, in relevant part: "Any person claiming to be aggrieved by a practice made unlawful under this chapter . . . may, at the expiration of ninety days after the filing of a complaint with the commission, . . . but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior . . . court for the county in which the alleged unlawful practice occurred . . . . The petitioner shall notify the commission of the filing of the action, and any complaint before the commission shall then be dismissed without prejudice, and the petitioner shall be barred from subsequently bringing a complaint on the same matter before the commission."

who had similar disciplinary records were not terminated. To further support his contention that age, and not the disciplinary notices, were the basis of his termination, the plaintiff alleged that his supervisor asked on at least one occasion, "Are you getting too [sic] old that you can't handle two machines?" The plaintiff's affidavit further alleged that the supervisor told him that few people retired from Husky. On April 27, 1992, the plaintiff was terminated and younger employees assumed his duties.

The defendants filed motions for summary judgment on the ground that in admitting the notices the plaintiff failed to present evidence tending to show that Husky's explanation that its decision based on the notices was a pretext. The judge ordered summary judgment be entered for the employer on the ground that the record was devoid of evidence "to dispute the basic accuracy of the four documented disciplinary incidents of quality errors and low productivity in the three months between January 20 and the April 27 termination." We allowed the plaintiff's application for direct appellate review. We now reverse and remand for further proceedings.

2. *Summary judgment standard.* Summary judgment is a disfavored remedy in the context of discrimination cases based on disparate treatment.[3] *Brunner* v. *Stone & Webster Eng'g Corp.*, 413 Mass. 698, 705 (1992) ("where motive, intent, or other state of mind questions are at issue, summary judgment is often inappropriate"), quoting *Flesner* v. *Technical Communication Corp.*, 410 Mass. 805, 809 (1991), because the ultimate issue of discriminatory intent is a factual question, *Anderson* v. *Bessemer City*, 470 U.S. 564, 572-573 (1985) (issue of intent in Federal discrimination cases is a question of fact). The ultimate question of the defendants' state of mind is elusive and rarely is established by other than circumstantial evidence, *Wheelock College* v. *Massa-*

---

[3]This is a disparate treatment case not a disparate impact case. See, e.g., *Cox* v. *New England Tel. & Tel. Co.*, 414 Mass. 375, 384-385 (1993); *Wheelock College, supra.*

*chusetts Comm'n Against Discrimination*, 371 Mass. 130, 137 (1976), which requires the jury to weigh the credibility of conflicting explanations of the adverse hiring decision.

However, summary judgment is not always inappropriate in discrimination cases. Where a defendant's motion for summary judgment demonstrates that the plaintiff's evidence of intent, motive, or state of mind is insufficient to support a judgment in plaintiff's favor, we have upheld summary judgment in favor of defendants. See *Brunner, supra* at 705 (summary judgment for defendant where plaintiff failed to offer evidence sufficient to carry burden of persuasion on employer's discriminatory motive); *McKenzie* v. *Brigham & Women's Hosp.*, 405 Mass. 432, 437-438 (1989) (summary judgment for defendant where plaintiff offered no admissible evidence that would carry burden of persuasion on intent at trial); *Lewis* v. *Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 770 (1986) (summary judgment for defendant where plaintiff did not offer evidence sufficient to carry burden of persuasion on employer's discriminatory motive at trial).

3. *Three-stage order of proof in discrimination cases.* General Laws c. 151B, § 4 (1992 ed.), provides in relevant part: "It shall be an unlawful practice: . . . 1B. For an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification." Section 1 (8) of G. L. c. 151B (1992 ed.) provides that "[t]he term 'age' unless a different meaning clearly appears from the context, includes any duration of time since an individual's birth of greater than forty years."

In applying Massachusetts' antidiscrimination statute, it has been our practice to follow the three-stage order of proof set forth by the United States Supreme Court under the Federal antidiscrimination provisions of Title VII. See *Wheelock College* v. *Massachusetts Comm'n Against Discrimination*,

371 Mass. 130, 134-136 (1976), citing *McDonnell Douglas Corp.* v. *Green,* 411 U.S. 792 (1973); *White* v. *University of Mass. at Boston,* 410 Mass. 553, 557 (1991). Our holding in *College-Town, Div. of Interco, Inc.* v. *Massachusetts Comm'n Against Discrimination,* 400 Mass. 156, 163 (1987), stated that in interpreting G. L. c. 151B, "we may look to the interpretations of . . . the . . . Federal statute; we are not, however, bound by interpretations of the Federal statute in construing our own State statute." See also *Lynn Teachers Union, Local 1037* v. *Massachusetts Comm'n Against Discrimination,* 406 Mass. 515, 521-522 n.7 (1990).

Because the trial judge ruled that the plaintiff failed to "dispute the basic accuracy" of the disciplinary notices, the issue in this case is what evidence the plaintiff is required to produce at the third stage in the order of proof in discrimination cases to clear the summary judgment hurdle. It is useful to review each stage in the order of proof before reaching this issue.

In the first stage, the plaintiff has the burden to show by a preponderance of the evidence a prima facie case of discrimination. Since our decision in *Wheelock College, supra,* a plaintiff carries the burden of a prima facie case of discrimination with evidence that: (1) he is a member of a class protected by G. L. c. 151B; (2) he performed his job at an acceptable level; (3) he was terminated; and (4) his employer sought to fill the plaintiff's position by hiring another individual with qualifications similar to the plaintiff's. See also *White, supra* at 557. We noted in *Wheelock College, supra* at 135 n.5, that the elements of the plaintiff's initial burden may vary depending on the specific facts of a case. The prima facie case "eliminates the most common nondiscriminatory reasons for the plaintiff's rejection," *Texas Dep't of Community Affairs* v. *Burdine,* 450 U.S. 248, 254 (1981), thereby creating a presumption of discrimination.

In the second stage, the employer can rebut the presumption created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its hiring decision. *Wheelock College, supra* at 136, quoting *McDonnell Doug-*

*las Corp., supra.* "[A]n employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons." *Wheelock College, supra* at 138. This burden of production is not onerous. If the defendant fails to meet its burden, however, then the presumption created by the preponderance of evidence supporting a prima facie case entitles plaintiff to judgment.

Once the defendant articulates a nondiscriminatory reason for the challenged hiring action, the proceedings have reached the third stage in the order of proof. What the plaintiff must prove in the third stage of the order of proof has been controversial in Federal courts.[4] Prior to the Supreme Court's recent decision in *St. Mary's Honor Center* v. *Hicks*, 509 U.S. 502 (1993), the Federal circuit courts of appeals were divided into "pretext plus" and "pretext only" jurisdictions. Those in favor of the pretext plus position argue that the presumption of intentional discrimination created by the plaintiff's prima facie case "bursts" when the defendant satisfies its second-stage burden of production, and requires a plaintiff in the third stage to prove that intentional discrimi-

---

[4]Compare, e.g., Coons, Proving Disparate Treatment After *St. Mary's Honor Center* v. *Hicks*: Is Anything Left of *McDonnell Douglas*, J. Corp. Law 381 (Winter 1994) (arguing against rule set forth in *Hicks* that plaintiff is not entitled to judgment as a matter of law on the basis of a prima facie case and a showing of pretext only), and Joseph, Employment Discrimination: Shouldering the Burden of Proof after *St. Mary's Honor Center* v. *Hicks*, 29 Wake Forest L. Rev. 963 (1994) (arguing that holding of *Hicks* was based on twisted reading of past precedent and undercuts the intent of Federal civil rights legislation), with Odell, Between Pretext Only and Pretext Plus: Understanding *St. Mary's Honor Center* v. *Hicks* and its Application to Summary Judgment, 69 Notre Dame L. Rev. 1251 (1994) (arguing that the *Hicks* decision adopts a position between pretext only and pretext plus which, when properly applied, does not deprive plaintiffs of opportunity to try its discrimination claims to a jury), and Whitis, *St. Mary's Honor Center* v. *Hicks*: The Title VII Shifting Burden Stays Put, 25 Loy. U. Chi. L.J. 269 (1994) (arguing that holding that plaintiffs must prove pretext and that the actual motivation for the adverse hiring decision was discrimination prohibited by Title VII did not alter precedent).

nation was the basis of the hiring decision.[5] The pretext only rule is similar to the pretext plus position in that the presumption created by a prima facie case drops from the case if the defendant satisfies its burden of production, but differs in the third stage in that a plaintiff who has established a prima facie case and persuaded the trier of fact that the employer's articulated justification is not true but a pretext, is entitled to judgment.[6] Massachusetts is a pretext only jurisdiction. See *Wheelock College, supra* at 138 ("if the employee has proved a prima facie case . . . and the employer gives an explanation for a hiring decision which has no reasonable support in the evidence or is wholly disbelieved (and hence is transparently a pretext), the employee should prevail"); *Brunner* v. *Stone & Webster Eng'g Corp.*, 413 Mass. 698, 700 (1992) ("[i]f a plaintiff establishes a prima facie case, but the defendant [employer] answers it by advancing lawful grounds for the action taken and produces evidence of underlying facts in support thereof, the plaintiff, in order to prevail, must persuade the fact finder by a fair preponderance of the evidence that the defendant's asserted reasons were not the real reasons for the action").

---

[5]See *St. Mary's Honor Center* v. *Hicks, supra* at 512, citing *Equal Employment Opportunity Comm'n* v. *Flasher Co.*, 986 F.2d 1312, 1321 (10th Cir. 1992) (finding of pretext does not mandate finding of illegal discrimination); *Galbraith* v. *Northern Telecom, Inc.*, 944 F.2d 275, 282-283 (6th Cir. 1991), cert. denied, 503 U.S. 945 (1992); *Samuels* v. *Raytheon Corp.*, 934 F.2d 388, 392 (1st Cir. 1991); *Holder* v. *Raleigh*, 867 F.2d 823, 827-828 (4th Cir. 1989); *Benzies* v. *Illinois Dep't of Mental Health and Developmental Disabilities*, 810 F.2d 146, 148 (7th Cir.), cert. denied, 483 U.S. 1006 (1987); *Clark* v. *Huntsville City Bd. of Educ.*, 717 F.2d 525, 529 (11th Cir. 1983).

[6]See *Hicks, supra* at 512, citing *Tye* v. *Board of Educ. of Polaris Joint Vocational School Dist.*, 811 F.2d 315, 320 (6th Cir.), cert. denied, 484 U.S. 924 (1987) (finding of discrimination mandated by finding of pretext); *King* v. *Palmer*, 778 F.2d 878, 881 (D.C. Cir. 1985); *Lopez* v. *Metropolitan Life Ins. Co.*, 930 F.2d 157 (2d Cir.), cert. denied, 502 U.S. 880 (1991); *Duffy* v. *Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1395-1396 (3rd Cir.), cert. denied, 469 U.S. 1087 (1984); *Caban-Wheeler* v. *Elsea*, 904 F.2d 1549, 1554 (11th Cir. 1990); *Thornbrough* v. *Columbus & Greenville R.R.*, 760 F.2d 633, 639-640 (5th Cir. 1985).

In *St. Mary's Honor Center* v. *Hicks, supra,* the Supreme Court addressed the split between Federal circuit courts as to the third stage. A majority of the Supreme Court held that a plaintiff who reaches the third stage is not entitled to an inference of discrimination on a showing of pretext, but rather must prove that the hiring action was actually motivated by discrimination:[7] "Title VII does not award damages against employers who cannot prove a nondiscriminatory reason for adverse employment action, but only against employers who are proven to have taken adverse employment action by reason of [a protected category]. That the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct." *Hicks, supra* at 523-524. The dissent reasoned that a showing of pretext entitles the plaintiff to a determination óf discrimination. Otherwise, "under the majority's scheme, a victim of discrimination lacking direct evidence will now be saddled with the tremendous disadvantage of having to confront, not the defined task of proving the employer's stated reasons to be false, but the amorphous requirement of disproving all possible nondiscriminatory reasons that a factfinder might find lurking in the record." *Hicks, supra* at 534-535 (Souter, J., dissenting).

We think the better policy is to remain with our own precedent that, once a plaintiff has established a prima facie case and further shows either that the employer's articulated reasons are a pretext or by direct evidence that the actual motivation was discrimination, the plaintiff is entitled to re-

---

[7]In response to criticism in the dissenting opinion (Souter, J., dissenting), the majority in *Hicks* states that it does not contradict itself in stating first, that the plaintiff is required to show pretext and that the actual reason for the hiring decision was discrimination, and second, that the fact finder cannot find for the plaintiff solely because they disbelieve the employer's proffered reason. "Even though (as we say here) rejection of the defendant's proffered reasons is enough at law to *sustain* a finding of discrimination, *there must be a finding of discrimination*" (emphasis in original). *Hicks, supra* at 511 n.4.

covery for illegal discrimination under G. L. c. 151B.[8] *Wheelock College, supra* at 138. *Brunner, supra* at 700. With respect to summary judgment, it follows that, if a plaintiff has produced evidence sufficient to support a prima facie case of discrimination, and has further offered evidence sufficient to support a determination either that the employer's reason was a pretext or that the actual reason for the adverse hiring decision was discrimination, summary judgment for a defendant is inappropriate. The ultimate issue of discrimination, raised by the plaintiff's and defendants' conflicting evidence as to the defendants' motive, is not for a court to decide on the basis of affidavits, but is for the fact finder after weighing the circumstantial evidence and assessing the credibility of the witnesses.

The plaintiff bears the burden of persuasion on the ultimate issue of discrimination. *Trustees of Forbes Library* v. *Labor Relations Comm'n*, 384 Mass. 559, 566 (1981). Although the three-stage order of proof "lightens the employee's burden" by requiring the employer to provide information at the second stage which "narrows the field of possible lawful reasons" for its decision, it does not go so far as to shift the burden of persuasion to the defendants. *Id.* "Thus, if the evidence is in balance, the employer must prevail." *Id.* Because "smoking gun" evidence is rare, *Wheelock College, supra* at 137, the plaintiff may, and more often than not must, carry his burden of persuasion with circumstantial evidence that convinces the fact finder that the proffered explanation is not credible.

---

[8]The plaintiff in this case is typical of plaintiffs under G. L. c. 151B in that he has no direct evidence of discrimination. However, we agree with the dissent's position in *Hicks, supra* at 534-535 (Souter, J., dissenting), that, under *Texas Dep't of Community Affairs* v. *Burdine*, 450 U.S. 248, 256 (1981), the plaintiff's ultimate burden of persuasion may be satisfied either by direct or circumstantial evidence of discrimination. If the plaintiff has direct evidence and the fact finder credits the direct evidence that discrimination was the motivating factor then the plaintiff prevails. If the plaintiff lacks direct evidence but the fact finder finds by a preponderance of the evidence that the employer's nondiscriminatory reason is a pretext, the plaintiff also prevails.

The plaintiff prevails on a showing of pretext because "we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration . . ." (emphasis in original). *Furnco Constr. Corp.* v. *Waters*, 438 U.S. 567, 577 (1978). See *Wheelock College, supra* at 138. Combined with establishment of a prima facie case by a preponderance of the evidence, a showing of pretext eliminates any legitimate explanation for the adverse hiring decision and warrants a determination that the plaintiff was the victim of unlawful discrimination. The plaintiff need not conclusively exclude all other possible explanations for the decision and prove intent beyond a reasonable doubt.

At the third stage in our order of proof, if the fact finder concludes that the plaintiff has proved that the employer's reasons are a pretext, then the plaintiff prevails. If the fact finder concludes that the plaintiff did not prove pretext then the defendant prevails. Direct proof of discrimination is not required.

4. *Sufficiency of the evidence.* The record is sufficient to support a prima facie case. Donald Blare was born on October 26, 1934, and was fifty-seven years old at the time he was terminated from Husky. The periodic reviews in the plaintiff's file for the seven years preceding his first written warning indicate that he consistently and conscientiously performed his job. Finally, after the plaintiff was terminated Husky delegated his duties to various other employees who were not within the protected age category. In addition, the employer met its burden of production by articulating that its legitimate, nondiscriminatory reason for terminating Blare's employment was poor performance as documented by the written notices for quality and attendance infractions against Blare.

Husky satisfied its burden by producing Blare's disciplinary file as its nondiscriminatory reason for its decision to terminate Blare. Blare then had to produce evidence sufficient to support a jury verdict that it was more likely than not that the articulated reason was pretext for actual discrimination. "[A]bsent direct proof of [age] discrimination, evidence which may be relevant to the plaintiff's showing of pretext may include application of a certain criterion to employees [not within the protected category]; the employer's general practice and policies concerning employment of [those within the protected category]; and the employer's treatment of the plaintiff during [his] employment." *Lewis* v. *Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 767 (1986).

We think that, in addition to the plaintiff's prima facie evidence, the three remarks made by Blare's supervisor regarding the ability of Blare to work considering his age,[9] and the evidence that other workers not in the protected category who committed similar errors were not terminated was sufficient to raise a genuine issue of material fact as to whether the defendants discriminated against the plaintiff on the basis of his age. Therefore, summary judgment in favor of the defendants was error. We reverse and remand the case for further proceedings.

*So ordered.*

---

[9]"[I]solated or ambiguous remarks, tending to suggest animus based on age, are insufficient, standing alone, to prove an employer's discriminatory intent." *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 314 n.7 (1993). The remarks here do not stand alone.