81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Brown N. OKOCHA, Plaintiff, Appellant,
v.
BRIGHAM & WOMEN'S HOSPITAL, Defendant, Appellee.
 No. 95-1977.
 United States Court of Appeals, First Circuit.
 April 4, 1996.
 
 Brown N. Okocha on brief pro se.
 Richard P. Ward, Bonnie B. Edwards and Ropes & Gray on brief for appellee.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the parties' briefs and district court record and find no reason to disturb the summary judgment entered in favor of defendant. Contrary to plaintiff's contention, the district court properly struck plaintiff's statement of undisputed facts, because it contained no references to any supporting documents and it was not responsive to defendant's statement. District Court Loc. R. 56.1; see, e.g., Rand v. M/A-Com, Inc., 824 F.Supp. 242, 266 (D.Mass.1992). As a result, the facts in defendant's statement were deemed admitted.
 
 
 2
 It follows that summary judgment for defendant was appropriate because there was no genuine issue as to any material fact and defendant was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Specifically, as the district court found, plaintiff did not sustain his burden to present a prima facie case of discrimination, whether under the federal standard or the less rigorous Massachusetts standard. He presented no admissible evidence that his failure to fulfill the off-shifts requirement was not the real reason for his termination or that other employees were treated more favorably. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir.1991), cert. denied, 504 U.S. 985 (1992); Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 443, 646 N.E.2d 111, 116 (1995). Plaintiff's contrary theories about the cause of his termination were not supported by any admissible evidence.
 
 
 3
 Affirmed. Loc. R. 27.1.