USCA1 Opinion

 

 April 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1977 BROWN N. OKOCHA, Plaintiff, Appellant, v. BRIGHAM & WOMEN'S HOSPITAL, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Brown N. Okocha on brief pro se. _______________ Richard P. Ward, Bonnie B. Edwards and Ropes & Gray on brief for _______________ __________________ _____________ appellee.  ____________________ ____________________ Per Curiam. We have carefully reviewed the parties' ___________ briefs and district court record and find no reason to disturb the summary judgment entered in favor of defendant. Contrary to plaintiff's contention, the district court properly struck plaintiff's statement of undisputed facts, because it contained no references to any supporting documents and it was not responsive to defendant's statement. District Court Loc. R. 56.1; see, e.g., Rand v. M/A-Com, ___ ____ ____ ________ Inc., 824 F.Supp. 242, 266 (D.Mass. 1992). As a result, the ____ facts in defendant's statement were deemed admitted. It follows that summary judgment for defendant was appropriate because there was no genuine issue as to any material fact and defendant was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Specifically, as the district court found, plaintiff did not sustain his burden to present a prima facie case of discrimination, whether under the federal standard or the less rigorous Massachusetts standard. He presented no admissible evidence that his failure to fulfill the off-shifts requirement was not the real reason for his termination or that other employees were treated more favorably. See McDonnell Douglas Corp. v. ___ ________________________ Green, 411 U.S. 792, 802-05 (1973); Mesnick v. General _____ _______ _______ Electric Co., 950 F.2d 816, 823 (1st Cir. 1991), cert. _____________ _____ denied, 504 U.S. 985 (1992); Blare v. Husky Injection Molding ______ _____ _______________________ Systems Boston, Inc., 419 Mass. 437, 443, 646 N.E.2d 111, 116 ____________________ -3- (1995). Plaintiff's contrary theories about the cause of his termination were not supported by any admissible evidence. Affirmed. Loc. R. 27.1. ________ -4-