Haggerty, S. Jane, J.
This is an action brought by the plaintiff, Frank Lopez (“Lopez”), alleging employment discrimination based on national origin against the defendant, Target Corporation (“Target”). Lopez asserts that unlawful discrimination resulted in his dismissal from employment by Target. The matter is before the court on a motion for summary judgment brought by the defendant.
For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

This dispute arises as the result of Lopez’s dismissal from employment at Target on or about December 28, 2002. Target contends that it based the dismissal on several alleged instances of negligent conduct and violations of company policy. While Lopez does not dispute that certain instances constituted “negligent conduct” according to company policy, he contends that he was not disciplined in the same manner as other, non-Hispanic employees, and that he was treated in a disrespectful manner by a manager. At this summary judgment stage, the facts are reported in the light most favorable to the plaintiff. Anderson Street Associates v. City of Boston, 442 Mass. 812, 816 (2004), citing Augat, Inc. v. Liberty Mat. Ins. Co., 410 Mass. 117, 120 (1991).
Lopez was hired in June of 2001 as an Executive Team Leader at Target. He began working at the company’s Framingham store before it opened in October of 2001. Lopez received some favorable job reviews during his tenure at Target indicating that he was meeting job expectations, and performed at an “Excellent” level on certain evaluations.
The first of the instances of negligent conduct occurred when Lopez pursued a shoplifter out of the store, contrary to company policy. He received a Final Warning in April of 2002, and does not dispute that the incident occurred and that he may have made a mistake in judgment. In September of 2002, Lopez received written counseling for failing to secure a bag of cash when the store was closed for the night. Two other employees, Scott White (“White”) and Michael Sousa (“Sousa”), who were not on Final Warning, received oral counseling regarding similar incidents. The final incident that Target states was a basis for Lopez’s dismissal took place in December of 2002, when Lopez allegedly failed to secure a truck trailer filled with merchandise, contrary to company policy. Lopez contends that White also failed to secure a trailer, but was not dismissed from employment.
Lopez alleges direct evidence of discrimination by his manager, Jayna Whitehead (“Whitehead”), based on the fact that she called him “Ponch.” Further, he states that she forced him to participate in a company charity event against his will, and that she did not listen to his ideas at meetings and brushed him off when he tried to make his opinions known. Lopez points to a specific incident when he felt that Whitehead ignored him and dismissed his hard working contributions during a visit by the Regional Vice President, Mary Walters (“Walters”).

DISCUSSION

Summary judgment is appropriate where the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Highland Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997), citing Mass.R.Civ.P. 56(c). In a case such as this, where the opposing party will have the burden of proof at trial, the moving party is entitled to summary judgment if it can demonstrate by reference to these materials, “unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
*478 Pursuant to G.L.c. 151B, a plaintiff who is terminated from employment can establish a prima facie case of discrimination by producing evidence that he is a member of a protected class under the statute, he performed his job at an acceptable level, he was terminated, and the employer sought to fill the position by hiring another individual with similar qualifications. Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 41 (2005). The prima facie case “eliminates the most common nondiscriminatoiy reasons for the plaintiffs [termination],” including lack of competence and a lack of job availability. Abramian v. President and Fellows at Harvard College, 432 Mass. 107, 116 (2000), quoting Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995). It creates a presumption of discrimination. Id. In this case, there are disputes of fact as to whether Lopez performed at an acceptable level. Therefore, viewing the evidence in the light most favorable to Lopez, he has established a prima facie case of national origin discrimination.
Once the plaintiff has satisfied the initial burden of establishing a prima facie case, the burden shifts to the defendant to rebut the presumption of discrimination “by articulating a legitimate, non-discriminatory reason for its decision.” Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass, at 441. This burden of production is not onerous, and it only requires a proposed reason and presentment of supporting facts to dispel the presumption of discrimination. Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 766 (1986). The proposed justifications for the employment decision “may be unsound or even absurd, but if they are not discriminatory and if the plaintiff does not prove they are pretexts, the plaintiff cannot prevail.” Id.
Target contends that it terminated Lopez based on a continuing pattern of negligent conduct, including several circumstances in which he violated store policies. Target alleges that Lopez endangered the safety of Target’s customers and employees, jeopardized the company’s assets, and exposed the company to liability. This articulated justification satisfies the burden of production and is sufficient to shift the burden back to Lopez to prove it is pretextual.
Assuming a defendant satisfies its burden of production, “the presumption of discrimination vanishes, and the burden returns to the plaintiff to persuade the court, by a fair preponderance of the evidence, that the defendant’s proffered reason for its employment decision was not the real reason, but is a pretext for discrimination.” Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997), citing Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 444-45 (1995). In order to prevail, the plaintiff must provide sufficient evidence that would support a juiy verdict “that it was more likely than not that the articulated reason was a pretext for actual discrimination.” Id.
Chapter 15 IB “does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of managers, unless the facts and circumstances indicate that discriminatory animus was the reason for the decision.” Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 134 (1997), quoting Smith v. Stratus Computer, Inc., 40 F.3d 11, 16 (1st Cir. 1994). Unsound decision-making on the part of a manager is not evidence of pretext. Lewis, 397 Mass, at 766.
In this case, Lopez concedes that the Final Warning he received for his negligent conduct in pursuing a shoplifter against company policy was not discriminatory. Lopez disputes the basis of the second allegation of negligent conduct, namely that he left cash unsecured in the store. While his denial of the incident can create an issue of fact as to whether it occurred, it is insignificant for purposes of showing pretext. Similarly, he can not provide evidence, nor does he remember locking the trailer filled with merchandise, although he disputes Target’s allegations regarding this fined episode of negligent conduct.
Lopez relies heavily on his allegation that Whitehead once referred to him as “Ponch.” Lopez claims that this is direct evidence of discriminatory animus, and also that it shows pretext. In Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 433 (1st Cir. 2000), a case involving a claim of discrimination based on age,[1] the plaintiffs supervisor repeatedly referred to the plaintiff as an “old fart,” and notes were discovered that were written by another employee. Id. The notes referred to a “cover up,” and “age descrim, [sic].” IcL The court stated that the notes could lead a reasonable jury to infer discrimination and an attempted coverup. Id. However, the evidence provided must go beyond mere “isolated or ambiguous remarks” that tend to suggest discriminatory animus. Fontaine v. Ebtec Corp., 415 Mass. 309, 314 n.7 (1993). These iypes of remarks “are insufficient, standing alone, to prove an employer’s discriminatory intent.” Id. In this case, Lopez can only recall the one incident in which he alleges that Whitehead called him “Ponch.” The additional types of evidence that the court relied on in denying summary judgment in Dominguez-Cruz are simply not present in this case. The one alleged comment Lopez relies on is an isolated remark which is insufficient. He admits that he does not know if it was in any way related to his national origin, and that she never said anything else that offended him. Further, any alleged animosiiy that existed between Lopez and Whitehead, or Lopez’s allegation that Whitehead ignored him in meetings, is not evidence of discriminatory animus.
Lopez also attempts to bolster his claim by arguing that other Caucasian employees were not discharged for similar incidents of negligent conduct. ‘The most probative means of establishing that the plaintiffs termination was a pretext for racial discrimination is *479 to demonstrate that similarly situated” employees not from the plaintiffs protected class were treated differently. Matthews, 426 Mass, at 129. The evidence shows that White and Sousa did not receive written counseling in a similar fashion to Lopez. However, White and Sousa were not on Final Warning, and thus they received oral counseling. With regard to Lopez’s claim that he was encouraged to take part in a charity event involving water balloons which he did not want to participate in, he has provided no evidence that other employees, whether they are of his protected class or not, were also encouraged.
Another form of evidence which can be relevant to a plaintiffs showing of pretext is a showing of an employer’s use of “uncontrolled subjectivity in the hiring process.” City of Salem v. Massachusetts Com’n Against Discrimination, 44 Mass.App.Ct. 627, 643 (1998). In addition, it is appropriate to consider “weaknesses, implausibilities, inconsistencies, in-coherencies, or contradictions in the employer’s proffered legitimate reasons for its action.” Id., quoting Fuentes v. Perskie, 32 F.3d 759, 765 (3rd Cir. 1994). In this case, Target has consistently stated that Lopez was fired as a result of three instances of negligent conduct contrary to store policy. Target demonstrated an established disciplinary procedure in which Lopez was placed on Final Warning after his first incident of negligent conduct. Subsequent to the alleged incident with the cash register, Lopez received a written warning from Whitehead, who received instructions on how to discipline Lopez from her superiors. These warnings subjected Lopez to possible dismissal if he violated company policy again. Once Target alleged that Lopez left the trailer unlocked, Whitehead again received instructions from her superiors, this time calling for Lopez’s dismissal from employment. The evidence clearly demonstrates that Lopez can not satisfy his burden of persuasion for establishing pretext.

ORDER

For the foregoing reasons it is hereby ORDERED that the defendant’s motion for summaiy judgment be ALLOWED.

The same three-step framework and analysis as articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), applies to other types of discrimination in the Commonwealth, including those protections under Title VII at the federal level. See Wynn & Wynn, P.C. v. Massachusetts Com’n Against Discrimination, 431 Mass. 655, 665 (2000).