# United States Court of Appeals
## For the First Circuit

No. 23-1040

NANCY DER SARKISIAN,

Plaintiff, Appellant,

v.

AUSTIN PREPARATORY SCHOOL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Gelpí, Selya, and Lynch,
Circuit Judges.

Rory FitzPatrick, Kyle W. Cunningham, and Cetrulo LLP on brief for appellant.
Jonathan R. Shank and Jackson Lewis P.C. on brief for appellee.

November 7, 2023

**LYNCH**, **Circuit Judge**.  At the beginning of the 2019-2020 school year, Nancy Der Sarkisian, then sixty-nine years old and a ninth-grade English teacher at Austin Preparatory School ("Austin Prep"), began what she had told Austin Prep would be a four-week leave of absence for hip surgery.  When Der Sarkisian experienced complications that required further surgery -- and which her doctor anticipated would leave her incapacitated for an additional three months -- Austin Prep extended her leave of absence.  Der Sarkisian then experienced even more complications that required even more surgery.  When Der Sarkisian's doctor told the school that she would be unable to work with or without accommodations for an additional three to six months, Austin Prep terminated her employment and offered her the opportunity to reapply when she was cleared to work.

Instead, Der Sarkisian brought claims for disability discrimination in violation of Title I of the Americans with Disabilities Act ("ADA") and Mass. Gen. Laws ch. 151B (Count I) and for age discrimination in violation of Mass. Gen. Laws ch. 151B (Count II).  The U.S. District Court for the District of Massachusetts granted summary judgment for Austin Prep on both counts.  Der Sarkisian v. Austin Preparatory Sch., 646 F. Supp. 3d 174 (D. Mass. 2022).  As to Der Sarkisian's disability discrimination claims, the district court concluded that she had failed to carry her burden to make out a prima facie case that she

was a "qualified individual" under the ADA and thus had also failed to do so under Mass. Gen. Laws ch. 151B. As to Der Sarkisian's age discrimination claim, the district court concluded that Der Sarkisian had failed to demonstrate a genuine dispute of material fact as to whether Austin Prep's proffered reason for her termination was pretextual. Der Sarkisian appeals. We affirm.

## I.

### A.

We recount the facts "in a light as favorable to [Der Sarkisian] as the record will reasonably allow." Travers v. Flight Servs. & Sys., Inc., 737 F.3d 144, 145 (1st Cir. 2013).

Austin Prep is a private Catholic school in Reading, Massachusetts. The school educates around 750 students a year enrolled in grades six through twelve.

Der Sarkisian began working at Austin Prep in 1996 as a sixth-grade substitute teacher. The school offered her a full-time position as a sixth-grade English teacher later that year. Der Sarkisian continued to teach English to various grades at Austin Prep. When the events giving rise to this lawsuit occurred, Der Sarkisian was assigned to teach ninth-grade English, a class she had taught for the previous two years, in the fall of 2019.

For several school years up to and including the 2018-2019 school year, Austin Prep employed teaching staff under the terms of an agreement with the Austin Prep Teachers'

Association (the "APTA Agreement"). The APTA Agreement allowed teachers to accumulate up to 110 days of unused sick leave and separately provided for one year of unpaid "[e]xtended [l]eave" for reasons including "personal health."

The APTA Agreement expired on August 31, 2019, and the school adopted new policies in its place. Under the terms of the new sick leave policy, employees could accumulate up to sixty-five days of unused sick leave. The school also took out a long-term disability insurance policy on behalf of its employees that paid sixty percent of the employee's salary during a period of disability after a ninety-day waiting period. After the APTA Agreement ended, Austin Prep no longer had a policy of offering one year of unpaid extended leave.

Just before the 2019-2020 school year began, Der Sarkisian learned that she would need hip surgery. On August 4, 2019, Der Sarkisian emailed Sean Brennan, Assistant Head and Upper School Head at Austin Prep, to tell him that she had scheduled her surgery for September 5th, the third day of the 2019-2020 school year at Austin Prep. Der Sarkisian stated that her "doctor said that [she] should figure on being out of school for four weeks." At the time, Der Sarkisian had accumulated the maximum of sixty-five unused sick days.

Austin Prep granted Der Sarkisian a leave of absence until October 2019 to recover from this surgery. Austin Prep

- 4 -

retained Jonathan Bourdeau as a substitute teacher to cover Der Sarkisian's ninth-grade English classes during her leave of absence, which Austin Prep "expected to last for approximately four weeks." Bourdeau "was retained on a per-diem basis, and did not have a contract with Austin Prep for any extended period of time." As such, Bourdeau could not count on sustained employment with Austin Prep, nor could Austin Prep count on Bourdeau's availability to cover Der Sarkisian's classes indefinitely.

On October 13, 2019, more than five weeks after her leave of absence began, Der Sarkisian emailed Brennan and stated that a complication from her initial surgery meant that "a bone in [her] hip cracked." As a result a doctor "did a second surgery . . . to repair the break and actually had to redo the hip replacement." She described the experience as "a total nightmare" and stated that "[t]he recovery [was] going to be much more difficult now because [she] c[ould]n't put any weight on [her] right foot for 12 weeks." She stated that she was "in a critical care rehabilitation hospital" where she "ha[d] therapy three times a day," that she "ha[d] no idea how long [she would] be [t]here," and that she would "[m]ost likely . . . be out for the first semester."

Der Sarkisian's doctor completed a Certification of Health Care Provider for Employee's Serious Health Condition on October 28, 2019, in support of her request for further leave. In

- 5 -

that Certification, Der Sarkisian's doctor stated that she would be "incapacitated" until January 5, 2020.

In a November 14, 2019, email, John Weber, Austin Prep's chief financial officer, told Der Sarkisian that the school had extended her leave of absence to January 6, 2020, and that she would need to provide clearance from her doctor to return to work. Weber also stated that Der Sarkisian would "reach the 90-day wait period for [long-term disability benefits] on December 2, 2019," at which point Der Sarkisian "w[ould] have used 59 of [her] 65 available sick days." After using her remaining sick days, Der Sarkisian "w[ould] not receive any pay from Austin Prep until the first regular payroll date following [her] return to work." Der Sarkisian responded on November 23, 2019, that she was "going to file for [long-term disability benefits] because [she was] going to be out of school longer than [she] had anticipated because of the second surgery." Austin Prep continued to use Boudreau on a per diem basis to teach Der Sarkisian's five classes.

Der Sarkisian had a third surgery on November 27, 2019. On her portion of the long-term disability benefits application form, which she dated November 26, 2019, Der Sarkisian originally wrote "January 2020" as her expected return to work date and then crossed out that date and wrote "unsure after 3rd surgery." Her doctor completed his portion of that application on November 27,

2019, in which he stated that Der Sarkisian would have a "total temporary disability" for "3-6 months" as of that date.

Der Sarkisian submitted her disability benefits application to Austin Prep on December 4, 2019. In an email to Weber the following day, Der Sarkisian stated that she would not be back at Austin Prep in January 2020 because she had needed a third surgery on November 27, 2019, after her doctor "found an infection in the area where the hip replacement was done, so [she] definitely w[ould] be out longer than [she] expected." She stated that as part of her recovery she "ha[d] to do an intravenous injection of antibiotics at home until at least February 7th" and that she could not "seem to wake up from this 'nightmare.'"

Austin Prep sent Der Sarkisian's doctor an "Accommodation Request Inquiry Form" in early December 2019. In it, Austin Prep stated that Der Sarkisian had "requested an accommodation [under the ADA] from [Austin Prep] in order to do her job" and that the school was requesting information about "whether there [wa]s a reasonable accommodation that would allow [Der Sarkisian] to perform the essential functions of her job." Austin Prep attached Der Sarkisian's job description to the form.

In his response, dated December 9, 2019, Der Sarkisian's doctor stated that she was "substantially limited" in her ability

to perform several "major life activities"[1] and was unable to "walk[], bend[], [use] stairs, squat[], lift[], [or] driv[e]." He stated that this impairment would last "3-6 months." In response to the question "What job function(s) is the employee having trouble performing because of the limitation(s)?" Der Sarkisian's doctor wrote "All." In response to the question "Do you have any suggestions regarding possible accommodations to improve job performance? If so, what are they?" Der Sarkisian's doctor wrote, in full, "She should be on total temporary disability."

Weber called Der Sarkisian on December 26, 2019, and stated that Austin Prep was terminating her employment effective immediately. In a letter dated that day, Weber stated:

> Having reviewed the Accommodation Request Inquiry Form dated December 9, 2019[,] completed by your medical provider, we understand that you are currently unable to work in any capacity. As you know, you have effectively been out of work since September 4, 2019. We also understand that you expect to continue to be unable to work for at least another three to six months. You have exhausted all available leave under the Family and Medical Leave Act and all available paid time off. The completed paperwork necessary to submit a claim for long term disability insurance benefits has been submitted on your behalf and accepted for review.

---

[1] Der Sarkisian's doctor stated that Der Sarkisian was impaired in her ability to perform the following major life activities: "Caring for Self," "Performing Manual Tasks," "Sleeping," "Walking," "Standing," "Working," "Lifting," and "Bending."

> Unfortunately, [Austin Prep] has a growing need to fill your position, and we cannot provide an extended and continuing leave of absence with no set end date. As we discussed today, we are sorry that we are unable to continue to reserve your position and are severing your employment with Austin Prep effective on the date of this letter. When you are recovered and released to work, you are welcome to apply for any open positions for which you are qualified.

Der Sarkisian was sixty-nine years old when Austin Prep terminated her.

**B.**

Der Sarkisian filed a complaint in the Massachusetts Superior Court for Middlesex County on October 2, 2020, which Austin Prep removed to the U.S. District Court for the District of Massachusetts on November 13, 2020. Count I of Der Sarkisian's complaint alleged discrimination on the basis of a disability in violation of Title I of the ADA and Mass. Gen. Laws ch. 151B.[2] Count II alleged discrimination on the basis of age in violation of Mass. Gen. Laws ch. 151B, § 4.

After attempting mediation without resolution, the parties did discovery. Austin Prep moved for summary judgment on both counts on December 15, 2021. The district court heard

---

[2] Count I alleges that Austin Prep's actions were a "[v]iolation of M.G.L. c. 151B § 1 and 42 U.S.C.A. § 12101." These are the definitional provisions of their respective statutes; neither provision prohibits conduct or establishes a cause of action. The district court construed Count I as alleging claims under Mass. Gen. Laws ch. 151B, § 4(16) and 42 U.S.C. § 12112.

argument on Austin Prep's summary judgment motion on November 30, 2022.

The district court granted Austin Prep's motion as to both counts in a Memorandum and Order dated December 6, 2022. Der Sarkisian, 646 F. Supp. 3d at 178. As to Der Sarkisian's disability discrimination claim, the district court held that "regular attendance was an 'essential function' of Mrs. Der Sarkisian's role" at the time she was terminated in December 2019. Id. at 185. The court concluded that Der Sarkisian had not satisfied her burden to demonstrate that a reasonable accommodation existed that would have allowed her to perform this essential function and thus that she could not make out a prima facie case of discrimination based on a disability. Id. at 186-87. As to her age discrimination claim, the district court held that Der Sarkisian had failed to demonstrate a genuine dispute of material fact as to whether Austin Prep's stated reason for her termination was pretextual. Id. at 188-90.

This timely appeal followed.

## II.

We review the district court's grant of summary judgment de novo. Travers, 737 F.3d at 146. Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A.

We begin with Der Sarkisian's claims for disability discrimination under Title I of the ADA and Mass. Gen. Laws ch. 151B, § 4(16). "The Supreme Judicial Court of Massachusetts [("SJC")] has indicated that federal case law construing the ADA should be followed in interpreting the Massachusetts disability law." Ward v. Mass. Health Rsch. Inst., Inc., 209 F.3d 29, 33 n.2 (1st Cir. 2000). We "analyze claims under the ADA and under [Mass. Gen. Laws ch. 151B] using the same framework." Jones v. Nationwide Life Ins. Co., 696 F.3d 78, 86 (1st Cir. 2012). Thus, "[a]lthough we write in terms of the ADA, our comments apply with equal force to [Der Sarkisian]'s claim under its state-law counterpart, Mass. Gen. Laws. ch. 151B, § 4." Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 20 n.5 (1st Cir. 2002).

We evaluate Der Sarkisian's disability discrimination claims under McDonnell Douglas's three-step burden-shifting framework. Flaherty v. Entergy Nuclear Operations, Inc., 946 F.3d 41, 53-54 (1st Cir. 2019). At step one, Der Sarkisian "has the initial burden of establishing a prima facie case by showing that [s]he (1) was disabled within the meaning of the ADA, (2) was a 'qualified individual,' and (3) was discharged in whole or in part because of h[er] disability." Id. at 53.

- 11 -

Der Sarkisian's claims fail at step one because she has not carried her burden to demonstrate at least a genuine issue of material fact that she is a qualified individual, and thus we proceed no further. "In order to be a 'qualified individual' under the [ADA], the burden is on [Der Sarkisian] to show: first, that she 'possess[es] "the requisite skill, experience, education and other job-related requirements" for the position, and second, [that she is] able to perform the essential functions of the position with or without reasonable accommodation.'" García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 (1st Cir. 2000) (third and fourth alterations in original) (footnote omitted) (quoting Criado v. IBM Corp., 145 F.3d 437, 443 (1st Cir. 1998)). The parties agree that Der Sarkisian generally possesses the requisite skills and qualifications; they dispute only whether she has demonstrated that a reasonable accommodation would allow her to perform the essential functions of her job.

The district court found that regular, in-person attendance was an essential function of Der Sarkisian's job, Der Sarkisian, 646 F. Supp. 3d at 184-85, and neither party disputes that finding on appeal. Der Sarkisian argues she has carried her burden to demonstrate that her request for a further extension of her leave of absence would have allowed her to perform this essential function and was facially reasonable. We disagree.

- 12 -

First, Der Sarkisian incorrectly argues that the "[d]istrict [c]ourt concluded, in effect, that the failure of Mrs. Der Sarkisian and her physician to give a precise date for her return rendered her accommodation request unreasonable per se." Our review of the district court's opinion makes clear that the district court did no such thing. According to the district court opinion:

> Mrs. Der Sarkisian correctly notes that accommodations in the form of leave requests "turn[] on the facts of the case." García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 647 (1st Cir. 2000) (citation omitted). However, in these circumstances, an additional extension of leave was not a reasonable accommodation. Mrs. Der Sarkisian had not set a return date, and "[s]uch an open-ended request for additional leave is just the type of wait-and-see approach that has been rejected as giving rise to a triable issue on reasonable accommodation." Henry v. United Bank, 686 F.3d 50, 61 (1st Cir. 2012).
>
> I recognize the First Circuit has held that some open-ended leave requests might be reasonable, but it has done so in distinguishable circumstances. García-Ayala, 212 F.3d at 649-50 (leave extension reasonable where employee provided specific return date, temporary workers filled employee's responsibility, and employer decided to terminate employee based purely on company policy); Criado v. IBM Corp., 145 F.3d 437, 444 (1st Cir. 1998) (leave extension reasonable where evidence showed that "leave would be temporary and would allow her physician to design an effective treatment program," company provided 52 weeks of paid disability leave, and company acknowledged that allowing the employee to recover was

- 13 -

> "more profitable" than hiring and training a
> new employee).
>
> In the context of teaching and related
> responsibilities of a school, other
> considerations are in play. Austin Prep
> wanted to ensure that its students had
> consistency with respect to their educators.
> Moreover, Austin Prep was understandably
> concerned that Mrs. Der Sarkisian's temporary
> replacement, Mr. Bourdeau, who did not have a
> formal contract with the school, would leave
> for a position elsewhere, thus exacerbating
> the burden of an open ended accommodation to
> the school's mission. Accordingly, on these
> facts, an additional period of leave without
> end date was not a reasonable accommodation.

Der Sarkisian, 646 F. Supp. 3d at 186 n.9 (alterations in
original).

Moreover, the district court correctly concluded that
Der Sarkisian has not carried her burden to demonstrate that her
request for a further leave of absence was facially reasonable.
Der Sarkisian's claims cannot survive summary judgment if she
cannot show, at a minimum, that her proposed accommodation "seems
reasonable on its face," US Airways, Inc. v. Barnett, 535 U.S.
391, 401 (2002) (citing Reed v. LePage Bakeries, Inc., 244 F.3d
254, 259 (1st Cir. 2001)) -- that is, that it is "feasible for the
employer under the circumstances," Reed, 244 F.3d at 259.

"Courts confronted with similar requests . . . have
concluded that such requests are not facially reasonable."
Echevarría v. AstraZeneca Pharmaceutical LP, 856 F.3d 119, 130
(1st Cir. 2017) (collecting cases). As the district court found,

- 14 -

we have upheld such claims only under circumstances that demonstrate the facial reasonableness of that request. See, e.g., García-Ayala, 212 F.3d at 648-50 (leave extension reasonable where temporary workers were consistently available to fill employee's responsibility and employer decided to terminate employee based purely on company policy against leave of that type); Criado, 145 F.3d at 444 (leave extension reasonable where evidence showed that "leave would be temporary and would allow her physician to design an effective treatment program," company provided 52 weeks of paid disability leave, and company acknowledged that allowing the employee to recover was "more profitable" than hiring and training a new employee). Der Sarkisian does not develop any argument for why her request for a further extension of her leave was facially reasonable that considers the school's need to provide continuity and adequacy of instruction in all five of her English classes. Nor does she argue that the school faced no risk from the possibility that the substitute teacher who had filled her teaching role would not continue on a per diem basis and the crisis that would result if he left. Nor does she address the school's legitimate concern with its inability to guarantee its ninth-grade English students high-quality education from a full-time, permanent instructor during the 2019-2020 school year as a result of her leave.

Der Sarkisian argues that Austin Prep's former policy of offering 110 sick days and a year-long unpaid leave of absence demonstrates the facial reasonableness of her request. Not so. The record shows that Austin Prep had deliberately removed both those policies before the school year at issue and instead offered a disability insurance policy, from which Der Sarkisian received benefits. This change -- and Der Sarkisian's assent thereto -- renders her argument meritless.

Der Sarkisian argues that she and Austin Prep "[1] could have agreed that Mrs. Der Sarkisian would take an unpaid leave of absence and return in September; . . . [2] could have agreed to see where things stood with Mrs. Der Sarkisian's health after three months, the short end of [her doctor's] estimate; . . . [or] [3] could have discussed whether other faculty members could cover her classes pending her return." Der Sarkisian did not raise these arguments to the district court. In fact, at least one of these newly raised proposed accommodations directly contradicts Der Sarkisian's argument to the district court that "Austin Prep would not have had to lower any of its employment standards or reallocate any essential functions of her job to make other workers' jobs more onerous in order to accommodate Mrs. Der Sarkisian." These arguments are waived. See Iverson v. City of Bos., 452 F.3d 94, 102 (1st Cir. 2006) ("This prophylactic rule requires litigants to spell out their legal theories face-up and squarely in the trial

- 16 -

court; if a claim is 'merely insinuated' rather than 'actually articulated,' that claim ordinarily is deemed unpreserved for purposes of appellate review." (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991)).

Even if not waived, these newly raised proposed accommodations fail. Der Sarkisian failed to develop any evidence in the record that the belatedly argued "accommodations" would have satisfied the school's need for instruction of her five classes and its need to afford its students continuity and avoid the risk of chaotic disruption. See Echevarría, 856 F.3d at 128 ("[W]here a plaintiff fails to show facial reasonableness, summary judgment for the defendant is appropriate."). Further, the school was "not obligated to offer an 'accommodation' to an employee that is contrary to medical advice." Jones v. Walgreen Co., 765 F. Supp. 2d 100, 108 n.3 (D. Mass 2011), aff'd, 679 F.3d 9 (1st Cir. 2012). And Der Sarkisian's proposal that other faculty -- who were already teaching full course loads and subjects other than English -- should take on her teaching responsibilities is unreasonable on its face. "[T]he law does not require an employer to accommodate a disability . . . by reallocating essential functions to make other workers' jobs more onerous." Richardson v. Friendly Ice Cream Corp., 594 F.3d 69, 81 (1st Cir. 2010) (alteration in original) (quoting Mulloy v. Acushnet Co., 460 F.3d 141, 153 (1st Cir. 2006)).

Finally, because Der Sarkisian has not carried her burden to demonstrate that a reasonable accommodation existed, we need not address her argument that the school failed to engage in an interactive process. Echevarría, 856 F.3d at 133.

Because Der Sarkisian has not carried her burden to set out a genuine issue of material fact on an essential element of her prima facie case of disability discrimination, Austin Prep was entitled to summary judgment on her ADA and Mass. Gen. Laws ch. 151B disability discrimination claims.

**B.**

Der Sarkisian argues the district court also erred in granting summary judgment for Austin Prep on her claim of age discrimination under Mass. Gen. Laws ch. 151B. The SJC applies the McDonnell Douglas burden-shifting framework to age discrimination claims under Mass. Gen. Laws ch. 151B. See Abramian v. President & Fellows of Harvard Coll., 731 N.E.2d 1075, 1084-85 (Mass. 2000). For the purposes of summary judgment no party disputes steps one or two of this framework.[3] Instead, Austin Prep

---

[3] At step one, Der Sarkisian "has the burden to establish a prima facie case of discrimination by showing that '(1) [s]he is a member of a class protected by [Mass. Gen. Laws ch. 151B]; (2) [s]he performed [her] job at an acceptable level; (3) [s]he was terminated; and (4) [her] employer sought to fill the plaintiff's position by hiring another individual with qualifications similar to the plaintiff's." Id. at 1084 (quoting Blare v. Husky Injection Molding Sys. Bos., Inc., 646 N.E.2d 111, 115 (Mass. 1995)). At step two, Austin Prep "can rebut the presumption" created by the prima facie case by "articulating 'a

argues that Der Sarkisian cannot carry her step three burden to "show that the reasons advanced by the employer for making the adverse decision are not true" -- that is, that they are pretextual.  Id. at 1085.  The district court concluded that Der Sarkisian had not demonstrated that a genuine issue of material fact existed as to pretext.  We agree.

Der Sarkisian's pretext evidence consisted entirely of three teacher comparators, all three of which the district court rejected.  Der Sarkisian, 646 F. Supp. 3d at 189-91.  On appeal, Der Sarkisian argues only that Austin Prep's "disparate treatment" of one of these comparators -- Austin Prep science teacher Katy Haughn -- "proves that Austin Prep discriminated against Mrs. Der Sarkisian due to her age."

As the district court rightly recognized, no such disparate treatment occurred.  Id. at 189.  The parties agree that Haughn, who was thirty-eight years old at the time, began a leave of absence due to a medical condition in the first semester of the 2019-2020 school year.  The parties further agree that when "Ms. Haughn's medical provider completed an Accommodation Request Inquiry Form, which indicated that Ms. Haughn was unable to perform any of the essential functions of her job with or without an

---

lawful reason or reasons for its employment decision [and] produc[ing] credible evidence to show that the reason or reasons advanced were the real ones."  Id. (alteration in original) (quoting Blare, 646 N.E.2d at 115).

- 19 -

accommodation . . . Austin Prep terminated Ms. Haughn's employment."  As the district court stated, "Austin Prep treated Ms. Haughn and Mrs. Der Sarkisian in exactly the same manner, despite their differences in age."  Id.

Der Sarkisian develops no further argument on appeal in defense of her age discrimination claim.

Because Der Sarkisian has not demonstrated a genuine issue of material fact as to pretext, an essential element of her claim under the SJC's application of the McDonnell Douglas framework, Austin Prep was entitled to summary judgment on her age discrimination claim under Mass. Gen. Laws ch. 151B.

**III.**

We affirm.