Brassard, Raymond J., J.
This is an action for damages, pursuant to G.L.c. 15 IB, §4, for employment discrimination (sexual harassment) and retaliation brought by the plaintiff, Cynthia Moore-Davis, against the defendant, Roxbury Multi-Service Center, Inc. (“RMSC”). The matter is before the court on *36 RMSC’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, the motion is allowed in part and denied in part.
BACKGROUND
The plaintiff, Ms. Moore-Davis, is an employee of the defendant, RMSC. RMSC hired Ms. Moore-Davis as an Advocacy Resource and Referral Specialist in October of 2002. On or about June 19, 2003, Ms. Moore-Davis informed Cynthia Brown, the director of RMSC’s Family House Shelter, that Ms. Moore-Davis had been experiencing what she perceived to be verbal and physical sexual harassment by David Lopez, RMSC’s Program Coordinator for the Family House Shelter. While both parties agree that Mr. Lopez was not Ms. Moore-Davis’ direct supervisor, Ms. Moore-Davis claims that Mr. Lopez had intermittent supervisoiy authority over her. Ms. Brown notified the Executive Director of RMSC, Brenda Gadson, of the situation. RMSC altered staff schedules to minimize the time Mr. Lopez would be working with Ms. Moore-Davis, and instructed Mr. Lopez to minimize contact with Ms. Moore-Davis. Ms. Gadson, and other members of RMSC management, conducted an investigatory hearing on the issue in July 2003 and determined that they could not conclude that sexual harassment had occurred. Despite this finding, RMSC permanently instructed Mr. Lopez to minimize contact with Ms. Moore-Davis and made Ms. Moore-Davis’s temporary office permanent to separate her from Mr. Lopez. Mr. Lopez was moved to another temporary office on a different floor than Ms. Moore-Davis. Ms. Moore-Davis has not complained of sexual harassment by Mr. Lopez since that time.
On August 6, 2003, Ms. Moore-Davis sent a memo to Ms. Brown alleging sexual harassment by another co-worker named Arthur Eskew. RMSC instructed Mr. Eskew to minimize contact with Ms. Moore-Davis pending an investigatory hearing. On October 8, 2003, RMSC determined that it could not conclude that any sexual harassment had occurred. However, due to Ms. Moore-Davis’s concern, RMSC instructed Mr. Eskew to continue to minimize contact with her. RMSC also determined that Mr. Eskew had contacted Ms. Moore-Davis despite its initial instruction to him not to do so. Mr. Eskew was therefore suspended without pay. Ms. Moore-Davis has not complained of any sexual harassment by Mr. Eskew since that time, and Mr. Eskew is no longer employed by RMSC. Ms. Moore-Davis has not complained of any other acts of sexual harassment by any RMSC employees since that time.
DISCUSSION
Summary Judgment is appropriate where there is “no genuine issue as to any material fact and the moving parly is entitled to judgment as a matter of law.” Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). Mass.R.Civ.P. 56(c). The moving party has the burden of affirmatively demonstrating both the absence of a triable issue and that he is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once this burden is satisfied, the opposing party must establish the existence of a material factual dispute. Id. at 17. All inferences are drawn in the light most favorable to the party opposing the motion. Attorney General v. Bailey, 386 Mass. 367, 371 (1982) (citations omitted).
The plaintiff in this case has alleged both quid pro quo sexual harassment and hostile work environment sexual harassment. To prove a claim for quid pro quo sexual harassment, a plaintiff must show (1) that the alleged harasser made sexual advances, sexual requests or engaged in conduct of a sexual nature; (2) that he or she rejected or submitted to such advances, requests or conduct; and (3) that the “submission to or rejection of such [sexual] advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions.” See G.L.c. 151B, §1(18); Chamberlin v. 101 Realty, Inc., 915 F.2d 777, 783-84 (1st Cir. 1990). To establish a claim for hostile environment sexual harassment a plaintiff must show verbal or physical conduct (1) of a sexual nature, (2) that is unwelcome, (3) that has the purpose or effect of creating a hostile or humiliating or offensive work environment, and (4) that interferes with the plaintiffs ability to perform his or her job. See College-Town Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 162, 508 N.E.2d 587, 591 (1987); Johnson v. Daniels Bros. Auto Sales, Inc., 18 M.D.L.R. 194, 196 (1996).
In Massachusetts, an employer is vicariously liable for sexually harassing conduct of supervisors and those employees on whom the employer confers authority. College-Town Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 165 & n.5, 508 N.E.2d 587, 592 (1987) (“the Legislature intended that an employer be liable for discrimination committed by those on whom it confers authority, without the additional notice requirement”); Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2292-93 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998). Therefore an employer is liable for the conduct engaged in by supervisors whether or not it knew about the conduct and whether or not it had any opportuniiy to stop the conduct or take remedial action. The fact that an employee with supervisory authority does not have direct authority over the plaintiff does not alter this standard. See Morehouse v. Berkshire Gas Co., 989 F.Sup. 54, 64 (D.Mass. 1997); Johnson v. Plastic Packaging, Inc., 892 F.Sup. 25, 29 (D.Mass. 1995). On the other hand, an employer is liable for the sexually harassing conduct of co-workers only if the employer knew or should have known of the conduct and failed to take adequate remedial action. College-Town Div. of Interco, Inc. v. MCAD, 400 Mass, at 166-67, 508 N.E.2d 587, 593; *37 Choukas v. Ocean Kai Restaurant, 19 M.D.L.R. 169, 171 (1997).
The facts in this case, as set forth in the summary judgment record, including the deposition transcript of the plaintiff, taken in the light most favorable to the plaintiff, demonstrate that RMSC took prompt and effective investigatoiy and remedial action to address and prevent any alleged sexual harassment, once it received notice of that alleged sexual harassment via the plaintiffs complaints. The plaintiff claims that the investigations were “inadequate,” but she fails to provide any argument or evidence to bolster that claim. The plaintiff has not argued that Mr. Eskew was in a supervisory position or had supervisory authority, and accordingly RMSC’s prompt and effective investigation and remedial action relieve it of liability. Summary judgment is therefore proper with respect to the plaintiffs claims of sexual harassment with regard to Mr. Eskew.
With regard to the plaintiffs claim with respect to Mr. Lopez, the summary judgment record contains deposition testimony of the plaintiff asserting that Mr. Lopez was a supervisor or had intermittent supervisory authority over the plaintiff. Deposition of Moore-Davis, p. 55-57. RMSC denies that Mr. Lopez was a supervisor, but that fact and the fact of whether Mr. Lopez had any supervisory authority remain contested. As the standard for employer liability varies depending on this fact, summary judgment is inappropriate with regard to the plaintiffs claim with respect to Mr. Lopez.
With regard to the claim for retaliation, Ms. Moore-Davis alleges that she was not allowed to return to her regular office as planned after she complained of sexual harassment. To establish a prima facie case of retaliation, the plaintiff must show that (1) she was engaged in a protected activity; (2) the defendant was aware of that activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse action. See Mole v. Univ. of Mass., 442 Mass. 582 (Mass. 2004); Muhammad v. City of Springfield, 20 MDLR 63, 66 (1998). RMSC admits the first two elements but argues that there was no adverse action because the plaintiff holds the same position and title as before her complaints and she was relocated to protect her from harassment. The plaintiff argues that being precluded from returning to her office makes her job more difficult and is intended to punish her for complaining. While this action is not as obviously adverse as termination or demotion, summary judgment is not appropriate here where RMSC’s state of mind in relocating the plaintiff is at issue. “In cases involving claims of employment discrimination, a defendant employer faces a heavy burden if it seeks to obtain summary judgment: summary judgment is disfavored in discrimination cases based on disparate treatment because the question of the employer’s state of mind (discriminatory motive) is ‘elusive and rarely is established by other than circumstantial evidence.’ ” Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 439, 646 N.E.2d 111 (1995), citing Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 137, 355 N.E.2d 309 (1976). A fact in dispute is genuinely at issue if “the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.” Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992).
ORDER
For the above-stated reasons, it is ORDERED that the plaintiffs motion for summary judgment be ALLOWED IN PART and DENIED IN PART.